**Kenneth E. LANDERS, Appellant,**

v.

**Eugene V. ADELSON and Gerson B. Bernstein, Appellees.**

**No. 2–89–216–CV.**

Court of Appeals of Texas,
Fort Worth.

May 8, 1990.

Busch, Ryan & Seib, Eric D. Ryan and Alan L. Busch, Dallas, for appellant.

Cantey & Hanger, Allan Howeth, Michael D. Moore and Shannon Gilbert, Fort Worth, for appellees.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

DAY, Justice.

Appellant, Kenneth E. Landers, defendant in the trial court, appeals from a summary judgment. We affirm.

Appellees filed suit on November 7, 1988, to recover under a written guaranty. Landers responded by general denial. On January 26, 1989, appellees filed a motion for summary judgment which was set for hearing on February 24, 1989. Sixteen days before the February 24th setting, Landers consented to the withdrawal of his counsel and at the request of Landers' former counsel, appellees agreed to a continuance of the February 24th setting. The court then reset the hearing for March 30. In early March, at the request of Landers, appellees again agreed to a continuance and the court reset the hearing for April 21. In early April, Landers wrote the trial court requesting a third continuance. Appellees opposed Landers' request but by reason of the case being transferred to another court, the April setting was cancelled and the hearing was reset for May 26. Seven days before this fourth setting, Landers by *unsworn* motion sought a fourth postponement which was denied by the trial court. On May 26, 1989, the court heard appellees' motion for summary judgment and granted summary judgment against Landers.

In his first point of error, Landers contends that the trial court abused its discretion in denying Landers' motion for continuance of the May 26th setting on the motion for summary judgment.

■ The granting or denial of a motion for continuance is within the trial court's sound discretion. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984); *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex. 1963). The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion. When the ground for continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. *Crank*, 666 S.W.2d at 94. Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. *Lowe v. City of Arlington*, 453 S.W.2d 379, 382 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.).

■ Landers contends that the trial court abused its discretion in denying his request for a continuance of the May 26 setting. He cites us to *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986), in support of his contention that the trial court was guilty of an abuse of discretion. It is true that in *Villegas*, the supreme court held that when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. However, in *Villegas*, the trial court granted Villegas' attorney's motion to withdraw *two days* before trial. *Id.* at 626. Villegas could not obtain a new attorney or present his case because his former attorney refused to turn over Villegas' files with his papers and evidence. Under those facts, the supreme court held that the trial court abused its discretion in denying Villegas' motion for a continuance. *Id.* at 626–27.

The facts in *Villegas* are wholly inapposite to the facts in the present case. The record in the present case reflects that the motion for summary judgment was filed on January 26, and that Landers voluntarily agreed to the withdrawal of his counsel on February 8. Landers had almost four months within which to retain counsel from the time he consented to the withdrawal of counsel until the date of the hearing on the summary judgment. Landers has made no showing whatsoever that his failure to

have counsel at the hearing was not due to his own fault or negligence. Landers' contention that the trial court abused its discretion in refusing his motion for continuance is without merit and his first point of error is overruled.

In Landers' second point of error, he complains that the trial court erred in entering summary judgment against him because: (1) there was a genuine issue of material fact which precluded summary judgment; and (2) that the affidavits of appellees in support of their motion for summary judgment contained impermissible conclusions and opinions.

In urging us to find the existence of a genuine issue of material fact, Landers argues that his sworn denials of appellees' request for admissions raised a fact issue. Landers does not cite any authority for this proposition, nor does any exist. Denials made in response to requests for admissions do not constitute proper summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980); *City of Richland Hills v. Bertelsen,* 724 S.W.2d 428, 431 (Tex.App.—Fort Worth 1987, no writ).

With reference to Landers' complaint that the affidavit filed in support of appellees' motion for summary judgment contained conclusions and opinions, we note that Landers did not file any response to appellees' motion for summary judgment, nor did he file any controverting affidavits. In *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), the supreme court stated that "the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement ... and he must present summary judgment proof when necessary to establish a fact issue." *Id.* In *City of Houston,* the supreme court held that a non-movant *must* present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal. *Id.* at 679.

Even if we assume that Landers did not waive his right to complain of the supporting affidavits on appeal, our review of the supporting affidavits has lead us to the conclusion that the supporting affidavits are clear, direct, specific, and free from any impermissible conclusions or opinions. One of our sister courts in *8920 Corp. v. Alief Alamo Bank,* 722 S.W.2d 718 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), upheld the legal sufficiency of almost identical summary judgment proof. Landers' argument that the supporting affidavits are defective in that they contain impermissible conclusions and opinions is rejected. Landers' second and final point of error is overruled.

By cross-point, appellees ask that we award sanctions against Landers as authorized by TEX.R.APP.P. 84. Since the points of error raised by Landers have no merit and his citations of authority are for the most part irrelevant and actually inapposite to his contentions, we have seriously considered the award of sanctions to appellees. However, we are unwilling to hold that his appeal was taken without sufficient cause *and* for the purpose of delay. Appellees' request for sanctions is denied.

The judgment entered by the trial court is affirmed.