**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**Dolores J. RICHARDS, Appellee.**

**No. C14–88–966–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

Rehearing Denied May 2, 1991.

Ann Moore, Frank M. Bean, Houston, for appellant.

Kirk Purcell, A. Reagan Clark, David M. Gunn, Houston, Kenneth D. McConnico, Webster, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal arises from a jury verdict in favor of appellee in her suit against appellant [Liberty Mutual] for breach of its duty of good faith and fair dealing to its insureds. Because the Texas Supreme Court has once again altered the law concerning the statute of limitations in cases against insurance companies, we must reverse.

Liberty Mutual terminated appellee's worker's compensation benefits on January 12, 1983. It argues that the termination was reasonable because the decision was based on medical opinions. However, the record establishes that the opinions on which Liberty Mutual claims its decision was based were not received until after the decision to terminate benefits had been made. Liberty Mutual filed the required A-2 form with the Industrial Accident Board stating the reason for suspension of benefits was "[claimant] has been release[d] from doctor['s] care since 11/19/82." Liberty Mutual's own claims manager testified that the justification given to the Industrial Accident Board was false. The jury found that Liberty Mutual did not have a reasonable basis for termi-

nating appellant's workers' compensation benefits and awarded appellant $80,000 for mental anguish. Finding that Liberty Mutual's conduct was the result of conscious indifference to appellant's rights and welfare, the jury also awarded $3.5 million in exemplary damages.

■ The parties in this case were faced with the uncertainty that necessarily accompanies the pursuit of emerging areas of law; however, this case was further complicated by the supreme courts' vacillating rulings on when the two-year statute of limitations begins to run on actions for an insurer's breach of its duty of good faith and fair dealing. For purposes of application of the statute of limitations, a cause of action generally accrues at the time facts come into existence that authorize a claimant to seek a judicial remedy. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). That general rule was the controlling law at the time appellant's benefits were terminated in January of 1983.

Appellant received a favorable judgment in her contractual dispute with Liberty Mutual in January of 1985. That judgment became final April 30, 1986. Cases seeking recognition of a cause of action against insurers for breach of a duty of good faith and fair dealing were pending in the judicial system when appellant filed this suit on March 7, 1986. Following the general rule as stated in *Robinson*, which was then controlling, appellant's cause would have been barred by limitations.

■ While this suit was in the discovery process, the supreme court decided *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165 (Tex.1987). *Arnold* altered the general rule by holding that, "the statute of limitations does not begin to run on a good faith and fair dealing claim until the underlying insurance contract claims are finally resolved." 725 S.W.2d at 168. Because of the *Arnold* holding, this case proceeded to trial and a judgment in favor of appellee.

Shortly before this appeal was submitted, the supreme court once again altered the application of the two-year stat-

ute of limitations. *Murray v. San Jacinto Agency,* 800 S.W.2d 826 (Tex.1990), "modified" *Arnold.* The Texas Supreme Court held, "[o]ur limitations holding in *Arnold* is not consistent with the rule that limitations commences at the time facts come into existence which authorize a claimant to seek judicial remedy." 800 S.W.2d at 829, *citing Robinson,* 550 S.W.2d at 19. The court held that the injury producing event is the denial of coverage, and that "[l]imitations on a first party claim appropriately begins to run at denial, not the date a separate suit to determine coverage under the contract is resolved." 800 S.W.2d at 829. Under the *Murray* holding, appellant's case is once again barred by limitations.

■ The supreme court did not indicate whether it intended to limit the application of either *Arnold* or *Murray,* or whether it intended full retroactivity. The general rule is that a decision of a supreme court is to be retroactive in its operation. *Sanchez v. Schindler,* 651 S.W.2d 249, 254 (Tex. 1983). Just as *Arnold* was applicable because this case was then pending in the judicial system, absent any contrary indication from the supreme court the *Murray* holding must control our disposition in this case now.

Although we may not agree with the Texas Supreme Court's ruling, as an intermediate appellate court we are bound to follow it. We must sustain Liberty Mutual's fifty-seventh point of error that appellant's cause of action was barred by limitations as a matter of law. Because of our disposition of this point of error, it is unnecessary to address the remaining points.

The judgment of the trial court is reversed.

PAUL PRESSLER, J., not participating.