**Christine TARANGO, Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 08–91–00160–CV.

Court of Appeals of Texas, El Paso.

Jan. 15, 1992.

Abner Burnett, Warren Burnett, Inc., Odessa, for appellant.

Joseph A. Turano, Mark M. Donheiser, Strasburger & Price, Dallas, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a take-nothing summary judgment barring the prosecution of a bad faith insurance claim denial suit under the two-year statute of limitations. We affirm.

The following shows the relevant dates and happenings:

ACTIONS INVOLVING THE PARTIES

(2) 12–27–87, plaintiff sustained injury.

(3) 5–17–88, workers' compensation benefits denied.

SUPREME COURT DECISIONS

(1) 1–28–87, *Arnold v. National County Mutual Fire Insurance Company*, 725 S.W.2d 165, establishes a two-year limitation from date of resolution of underlying contract claim. (# 5 herein).

(4) 4–18–90, *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, two-year limitation changed to begin to run from when facts come into existence which authorize judicial remedy. (# 3 herein).

ACTIONS INVOLVING THE PARTIES

(5) 5–21–90, judgment for workers' compensation benefits entered.

(6) 7–6–90, "bad faith" suit filed by plaintiff.

SUPREME COURT DECISIONS

---

■ The change of the application of the time to commence the running of limitations created the defense that was not available until the change occurred. The general rule is that a decision of a Supreme Court is to be retroactive in its operation. The exceptions are when considerations of fairness and policy preclude full retroactivity. Determination of the issue turns primarily on the extent of reliance on the former rule and the foreseeability of a change in the law. *Reagan v. Vaughn,* 804 S.W.2d 463 (Tex.1991); *Street v. Honorable Second Court of Appeals,* 756 S.W.2d 299, 301 (Tex.1988); *Sanchez v. Schindler,* 651 S.W.2d 249, 254 (Tex.1983); *Chase Commercial Corporation v. Datapoint Corporation,* 774 S.W.2d 359, 362–363 (Tex.App.—Dallas 1989, no writ); and *Service Lloyds Insurance Company v. Greenhalgh,* 771 S.W.2d 688, 691–692 (Tex.App.—Austin 1989), *rev'd on other grounds,* 787 S.W.2d 938 (Tex.1990).

■ The Appellant urges that the subsequent change in the limitation interpretation should not be applied retroactively because to do so would violate the fairness and policy considerations of the law.

We do not believe this is the issue before us. A recent case with similar facts is *Liberty Mutual Fire Insurance Company v. Richards,* 810 S.W.2d 232 (Tex.App.—Houston [14th Dist.] 1991, writ denied). In that case, the general rule that a decision of a Supreme Court is to be retroactive is set forth. Then the Court reasoned:

> Just as *Arnold [v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165 (Tex.1987) ]* was applicable because this case was then pending in the judicial system, absent any contrary indication from the supreme court the *Murray [v. San Jacinto Agency,* 800 S.W.2d 826 (Tex.1990) ]* holding must control our disposition in this case now.

Although we may not agree with the Texas Supreme Court's ruling, as an intermediate appellate court we are bound to follow it.

The denial of the application for writ of error by the Supreme Court, in the case, affirms the following rule. "In all cases where the Supreme Court is not satisfied that the opinion of the court of appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal, or which is of such importance to the jurisprudence of the State as to require correction, the Court will deny the application with the notation 'Writ Denied'." Tex. R.App.P. 133(a).

With due respect, we disagree with the language of the Houston Court. They were not bound by the general rule of applying the later decision by the Supreme Court to facts created under a former decision. The Court could have considered the fairness and policy exceptions as the Supreme Court had not addressed the point. *Greenhalgh,* 771 S.W.2d at 691. The language to the contrary may well have been the reason that the Supreme Court entered the docket notation "writ denied" instead of "writ refused." However, a matter of whether to apply an interpretation of the statute of limitations retroactively is of such importance to the jurisprudence of the State that we interpret the Supreme Court's refusal to grant a writ in that case to be a tacit pronouncement that the general rule will apply, and the subsequent interpretation of the beginning date of the statute of limitations is to apply to all pending cases.

Points of Error Nos. One and Two are overruled. Judgment of the trial court is affirmed.