**ADOBE RESOURCES CORPORATION and Rebel Oil Company, Appellants**

v.

**NEWMONT OIL COMPANY, Appellee.**

No. C14–91–00834–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 3, 1992.

William W. Kilgarlin, Austin, Norman Riedmueller, Mary Gollen, Stanley J. Krist, Houston, for appellants.

James Kronzer, David Gunn, Stephen D. Susman, Cyrus D. Marter, Ophelia S. Camina, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and DRAUGHN, JJ.

OPINION

JUNELL, Justice.

Adobe Resources Corporation and Rebel Oil Company appeal from a summary judgment rendered in their suit against Newmont Oil Company for breach of the duty of good faith and fair dealing, breach of fiduciary duty, and breach of the operating agreement. Appellants bring one point of error challenging the trial court's grant of summary judgment on the grounds asserted in the motion, including res judicata, collateral estoppel, limitations, full faith and credit, and choice of law. Appellee raises a cross-point asking that we award appellees damages under TEX.R.APP.P. 84 on the ground that appellants have taken the appeal for delay and without sufficient cause. We affirm the trial court's judgment and decline to award damages under Rule 84.

Appellants and appellee are parties to a letter agreement concerning joint acquisition and development of oil, gas, and mineral leases in Louisiana. This agreement established an Area of Mutual Interest covering portions of Cameron, Vermilion, and Jefferson Davis Parishes in Louisiana. The agreement further provided:

> It is specifically agreed and understood that if any party hereto or its assigns shall acquire any oil, gas or mineral lease within the Area of Mutual Interest or the right of option to acquire same during the term of this agreement, then such acquiring party shall forthwith after such acquisition furnish the other party hereto with a reproduced copy of the signed instrument whereby such interest was acquired, together with all of the details with reference to the consideration paid. The party receiving such notice shall have the option for a period of fifteen (15) days after receipt of notice within which to elect to participate in the acquisition, subject to the terms on which the interest was acquired, in the following proportions:

| | |
|---|---|
| Jones–O'Brien | 40% |
| Participants | 60% |

by paying the acquiring party its proportionate part of all out-of-pocket acquisition costs.

In late 1984, appellee began negotiations with Texaco to obtain a sublease of Texaco's State Lease 5419, which was within the Area of Mutual Interest. In July 1985, appellee notified appellants, in accordance with the letter agreement, that he had acquired the Texaco sublease and requested their election to participate. In this notice, appellee advised appellants that a decision to participate in the sublease included an agreement by appellants to participate in the costs of a proposed seismic program and a share of expenses incurred by appellee in connection with the sublease and the seismic program. Appellants advised appellee of their decision to participate in the sublease, but they refused to contribute to the seismic costs because they did not consider the seismic costs to be part of the acquisition costs under the Letter Agreement.

In January 1986, appellants and appellee were named as defendants in an action commenced in Louisiana state court by J–O'B Operating Company, the agent for the former stockholders and employees of Jones–O'Brien, Inc. J–O'B, also a party to the letter agreement, sought to be recognized as an owner of a fractional interest in appellee's sublease of State Lease 5419. *J–O'B Operating Co. v. Newmont Oil Co.,* 560 So.2d 852, 853 (La.Ct.App.1990), *writ denied,* 565 So.2d 449–54 (La.1990). Appellants filed a cross-claim against appellee and others seeking the same relief J–O'B sought. The Louisiana trial court found that J–O'B and appellants were fractional interest owners in this lease subject to their indebtedness to appellee for their proportionate share of the cost of the seismic program conducted by appellee in connection with acquisition of this sublease. *Id.* The Louisiana court of appeals agreed with the trial court's conclusion that the seismic costs were acquisition costs and that an election to participate required the parties to bear a proportionate share of these costs. *Id.* at 856. The court of appeals disagreed with the trial court's ruling that J–O'B, Adobe, and Rebel were fractional

interest owners in the sublease despite their indebtedness to Newmont for seismic costs. *Id.* at 859. Stating that neither Louisiana law nor the letter agreement authorizes a conditional election to participate in an acquired interest, the court of appeals reversed and rendered judgment dismissing the claims of J–O'B, Adobe, and Rebel. *Id.* at 859–60. The Louisiana Supreme Court denied petitions for review.

In May 1988, appellant Adobe filed this suit to recover damages from appellee, alleging breach of duty of good faith and fair dealing, breach of fiduciary duty, and breach of the operating agreement. Appellant Rebel later intervened in this suit. Appellee asserted four affirmative defenses to appellants' claims: (1) the two-year statute of limitations bars appellants' claims; (2) the doctrines of res judicata and collateral estoppel bar relitigation of appellants' claims; (3) Louisiana law, which does not recognize appellants' claims, applies to these claims; and (4) a Texas court must give full faith and credit to the Louisiana judgment, precluding relitigation of appellants' claims. Appellee filed a motion for summary judgment based on these four defenses, which the trial court granted on May 8, 1991 without specifying the grounds upon which it relied. After appellee filed its motion for summary judgment and before the trial court ruled on it, appellants filed an amended petition asserting an additional cause of action for breach of contract. This cause of action was not addressed by the motions for summary judgment; therefore, the May 8, 1991 judgment granting the summary judgment did not adjudicate this claim. The trial court subsequently entered an agreed order of nonsuit on certain claims, including the added cause of action for breach of contract. The trial court also entered an agreed final judgment noting that appellee's motion was granted on May 8, 1991, that on the same date the court ordered that appellants take nothing on their claims, and that all remaining claims had been nonsuited.

■■■ In their sole point of error, appellants challenge the grant of summary judg-

ment on each of the four grounds asserted. A trial court properly grants a motion for summary judgment when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). A trial court may grant summary judgment on affirmative defenses alone. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991). In reviewing a summary judgment, we must take as true all evidence favorable to the non-movant, indulging all reasonable inferences and resolving all doubts in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49.

■ We turn first to the issue whether the two-year statute of limitations bars appellants' claims. The statute of limitations governing a cause of action for breach of the duty of good faith and fair dealing is set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 827 (Tex.1990). Section 16.003(a) provides that such claims must be brought not later than two years after the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). In *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 168 (Tex.1987), the court held that a cause of action for breach of the duty of good faith and fair dealing accrues when the underlying contract claims are finally resolved. The supreme court later modified the *Arnold* rule, holding that the statute of limitations begins to run on a good faith and fair dealing claim when facts come into existence which authorize a party to seek a judicial remedy. *Murray*, 800 S.W.2d at 829.

Because appellants filed their suits in May and June 1988, before the supreme court modified the *Arnold* rule, appellants argue that *Arnold* controls and thus, appellants' suits were brought within two years after the final resolution of the underlying contract claim in Louisiana in May 1988. Citing *Liberty Mut. Fire Ins. Co. v. Richards*, 810 S.W.2d 232 (Tex.App.—Houston [14th Dist.] 1991, writ denied),

*cert. denied,* —— U.S. ——, 112 S.Ct. 1759, 118 L.Ed.2d 423 (1992), appellee contends that *Murray* applies. In *Richards*, a panel of this court held that, because a decision of a supreme court is generally retroactive in operation, the *Murray* holding regarding date of accrual of a good faith and fair dealing claim applies retroactively. *Id.* at 234. Based on the *Richards* holding, we agree with appellee that *Murray* applies to this case. Thus, appellants' cause of action accrued when facts came into existence that authorized appellants to seek a judicial remedy. *See Murray*, 800 S.W.2d at 829.

■ Appellants claim that even if *Murray* applies their causes of action did not accrue until they were injured by appellee's wrongful actions in 1987, when appellee's position became fixed and appellee first failed to pay appellants their share of the Texaco sublease revenue. Appellee responds that appellants knew who would be parties to the sublease in December 1985. An exhibit attached to appellants' memorandum of law in support of their response to appellee's motion for summary judgment is the affidavit of Richard J. Ganem, a former employee of Adobe. Ganem states in this affidavit that appellants received frequent correspondence from July to December 1985 regarding participation in the Texaco sublease and the actions to be taken before December 30, 1985. Ganem adds that appellants were aware of appellee's position that appellants had to pay proportionate shares for the cost of a seismic program if they expected to participate in the sublease.

Appellee further argues that, even if the evidence does not show appellants knew in December 1985 they would be excluded if they did not pay seismic costs, they knew this by March or April 1986. On March 14, 1986, appellants filed their petition asserting a cross claim against appellee in Louisiana state court seeking a declaration that payment of seismic costs was not an acquisition cost under the Letter Agreement; or, if it was, a declaration of the amount appellants owed for these costs. Appellants also sought a declaration that appellants had timely elected to participate in the sublease

and sought an order requiring appellee to assign to appellants their interests in the sublease. On April 8, 1986, appellee filed an answer to appellants' cross claims stating that appellants had waived and forfeited their right to participate in the sublease by failing to elect to participate subject to the terms of the Letter Agreement. Thus, appellee argues that appellants were aware of facts supporting their present claims by April 1986, at the latest. Appellants filed suit on May 24, 1988, more than two years after learning sufficient facts enabling them to seek a judicial remedy. *See Murray*, 800 S.W.2d at 829. We agree. Accordingly, appellants' claims of breach of the duty of good faith and fair dealing and breach of fiduciary were barred. The trial court properly granted summary judgment as to the claims of breach of the duty of good faith and breach of fiduciary duty.

■ Appellants next contend the trial court erred in applying Louisiana law to hold that the governing law recognizes none of appellants' claims. Texas courts have adopted the principles from the Restatement (Second) Conflict of Laws § 6 (1971) for determining the governing law where the parties have not chosen the governing law contractually. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420–21 (Tex.1984). In the motion for summary judgment, appellee contended the operating agreement provided for application of Louisiana law. This agreement contained the following provision regarding governing law:

> The essential validity of this agreement and all matters pertaining thereto, including, but not limited to, matters of performance, non-performance, breach, remedies, procedures, rights, duties and interpretation or construction, shall be governed and determined by the law of the state in which the Contract Area is located. If the Contract Area is in two or more states, the law of the state where most of the land in the Contract Area is located shall govern.

The agreement defines the "Contract Area" as:

> ... all of the lands, oil and gas leasehold interests and oil and gas interests intended to be developed and operated for oil and gas purposes under this agreement. Such lands, oil and gas leasehold interests and oil and gas interests are described in Exhibit "A".

Exhibit "A" describes the unit area as the area marked in red in the map of the "Area of Mutual Interest." The map depicts an area in Louisiana. Thus, the operating agreement provides for application of Louisiana law. Appellants argue that the letter agreement, which forms the basis of this suit, did not provide for governing law. The letter agreement, however, expressly incorporates the operating agreement as an exhibit. Thus, we find no error in the trial court's determination that Louisiana law applies to this case.

■ Appellee further claimed in its motion for summary judgment that, if Louisiana law applied, summary judgment was proper because: (1) Louisiana does not recognize a cause of action for breach of a duty of good faith and fair dealing; and (2) Louisiana law does not impose a fiduciary duty in a factual setting such as presented by this case. Appellants do not dispute the contention that the claims are not recognized under Louisiana law. As for the cause of action of breach of duty of good faith and fair dealing, we locate no Louisiana authority for such a cause of action outside the liability insurance area. Thus, the trial court properly granted summary judgment on the breach of duty of good faith claim under Louisiana law.

■ Appellee also asserts that Louisiana law does not recognize fiduciary duties among parties such as those in this case. In support of this statement, appellee cites Louisiana cases imposing a fiduciary duty in the context of a joint venture, *see, e.g., Josephs v. Austin*, 420 So.2d 1181, 1184 (La.Ct.App.1982), *writ denied*, 427 So.2d 870 (La.1983), and a partnership. *See, e.g., Harris v. Wallette*, 538 So.2d 728, 730 (La. Ct.App.1989).

The elements of a joint venture in Louisiana are:

(a) All parties must consent to formation of a partnership;

(b) There must be a sharing of losses of a venture as well as the profits; and

(c) Each party must have some proprietary interest in, and be allowed to exercise some right of control over, the business.

*Josephs,* 420 So.2d at 1184. The elements of a partnership are the same three elements required to show a joint venture. *See Harris,* 538 So.2d at 730.

■ The parties in this case did not consent to the formation of a partnership. In fact the agreement stated: "The agreement evidenced by this letter shall not be construed as creating a partnership or joint venture between Jones–O'Brien and Participants, but Participants will act as an independent contractor in all of their operations which shall be conducted at the sole cost, risk and expense of Participants." Appellee claims that, absent the existence of a joint venture or partnership, appellants had no authority for a breach of fiduciary claim under the facts. We agree. Our research reveals no Louisiana authority for imposing a fiduciary duty in the present case. Thus, we find that appellee met its summary judgment burden of establishing its right to judgment on the claims of breach of good faith and fair dealing and breach of fiduciary duty under Louisiana law.

■ Appellants also contend that res judicata and collateral estoppel do not bar their claims. Res judicata precludes litigation of all claims which were tried, or which could have been tried with the exercise of reasonable diligence in the prior suit. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Res judicata applies only if there is identity of parties, issues, and subject matter between the prior judgment and the subsequent suit. *Id.* The parties in the Louisiana contract action and in the instant suit are identical.

Appellants assert that res judicata should not bar these claims, as claims that could have been tried with reasonable diligence in the Louisiana action, because Louisiana does not recognize causes of action for breach of the duty of good faith or for breach of fiduciary duty in fact situations such as that in this case. We have already noted that Louisiana law does not recognize a cause of action for breach of fiduciary duty under the facts of this case or for breach of the duty of good faith outside the insurance area. Appellee argues that these claims could have been tried in the Louisiana action if appellants had urged, as they do here, that Texas law applied to the tort claims. We have already held, however, that Louisiana law, and not Texas law, applies to these claims. Thus, appellants could not have tried these claims in the prior action and, therefore, the summary judgment could not be grounded on the defense of res judicata.

■ To bar a subsequent suit by collateral estoppel, or issue preclusion, a party must show: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 385 (Tex.1985). A breach of the duty of good faith and fair dealing occurs when there is no reasonable basis for denial of a claim. *See Arnold,* 725 S.W.2d at 167. Appellants contend that appellee prevented appellants from participating in the Texaco sublease by engineering the seismic program as part of the sublease requirements, thereby creating a financial impediment to appellants' participation. In so doing, appellants claim that appellee acted unreasonably and thereby breached his duty of good faith.

■ Appellee argues that the issue of reasonableness of appellee's conduct was litigated in the Louisiana contract action. In their cross claim in the Louisiana action, appellants sought a declaration that the costs of the seismic program were not acquisition costs under the AMI agreement. The Louisiana trial court stated that appellants offered much evidence to show that the seismic program was unnecessary, but the court asserted that this evidence was

irrelevant to whether the program was consideration for the lease agreement. The court ruled that the seismic program was the only consideration for Texaco granting the lease to appellee. Accordingly, the court held that the costs of the seismic program were acquisition costs for which appellants were proportionately responsible. The only issues the court decided were whether the seismic costs were acquisition costs under the AMI agreement and whether appellants were entitled to an interest in the lease. The court did not decide whether appellee's actions were reasonable and in fact, specifically noted that this issue was irrelevant. Thus, we find that the issue of reasonableness was not fully litigated in the prior action and the summary judgment could not be grounded on the defense of collateral estoppel.

Finally, appellants argue that full faith and credit is not applicable as a bar to this suit. In its motion for summary judgment, appellee claimed that the Louisiana judgment was entitled to full faith and credit by Texas. Appellee noted that a valid, final judgment entered by a court of general jurisdiction makes a prima facie case for the party seeking to enforce it, unless it is successfully attacked or lack of jurisdiction of the court is shown. *See Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975); *Escalona v. Combs,* 712 S.W.2d 822, 824 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Appellants admit that the Louisiana judgment is entitled to full faith and credit by the Texas courts. Appellants instead argue that, even if full faith and credit is extended to the Louisiana judgment, it does not bar this suit. We agree. A prior judgment can bar a subsequent suit if res judicata or collateral estoppel is applicable. Because we have already addressed the issues of res judicata and collateral estoppel, we need not repeat that discussion here.

In summary, we hold the trial court properly granted summary judgment in favor of appellee on the ground that both claims were barred by the statute of limitations. Having also found that Louisiana law ap-

plies to this suit, we hold that appellee established its entitlement to judgment on both claims and we uphold the trial court's summary judgment on this additional ground.

In its single cross-point, appellee asks that we award damages against appellants under TEX.R.APP.P. 84. Rule 84 authorizes an appellate court to award damages where an appellant has taken an appeal for delay and without sufficient cause. TEX.R.APP.P. 84. We decline to find that appellants have appealed for delay. *See Landers v. Adelson,* 788 S.W.2d 940, 942 (Tex.App.—Fort Worth 1990, no writ). Consequently, we overrule appellee's cross-point.

We affirm the judgment of the trial court.