Opinion issued September 10, 2010

            

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 
 
 
  








NO. 01-08-00831-CV

 


 
 

 
 

 



MARWA IMKIE, Appellant

 

V.

 

THE METHODIST HOSPITAL, Appellee

 


 
 

 
 
 



On Appeal from the 133rd District Court 

Harris County, Texas

Trial Court Cause No. 
2006-01593

 


 
 
 
 
 
  

 








OPINION ON REHEARING

 

          Appellant,
Marwa Imkie, filed a motion for en banc reconsideration of our opinion on
rehearing issued June 24, 2010 that upholds a summary judgment rendered in
favor of appellee, The Methodist Hospital (hereinafter “Methodist”).  Having received a response from Methodist, we
withdraw our June 24, 2010 opinion and judgment, and issue this opinion and
judgment in their stead.  Because we
withdraw our June 24, 2010 opinion, Imkie’s motion for en banc reconsideration
is rendered moot.  See Brookshire Brothers, Inc. v. Smith, 176 S.W.3d 30, 33 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh’g) (noting that motion
for en banc reconsideration becomes moot when motion for rehearing is granted
and new opinion and judgment issue).  In
two issues in her original appellant’s brief, Imkie contends the trial court
erred by granting the no-evidence motion for summary judgment filed by
Methodist and by denying her motion for a new trial.  We conclude that the trial court properly granted the
motion for summary judgment and did not abuse its discretion by denying the
motion for new trial.  We affirm the ruling
of the trial court.

Background

In 2006, Imkie slipped and fell
outside Methodist’s pathology lab while working as a resident physician for the
Baylor College of Medicine.  Imkie
alleges that she slipped due to a premises condition, the buildup of paraffin
residue, and that Methodist was aware of this condition.  Imkie filed a premises liability claim
against Methodist.  

Imkie was represented in her lawsuit
by the Lanier Law Firm.  When Lanier
decided to stop representing Imkie, it gave her over three month’s notice of
that intent before it filed a motion to withdraw in the trial court.  The trial court granted the motion to
withdraw 19 days after Lanier filed it.  

Shortly after Lanier withdrew from
the case, Methodist filed a no-evidence motion for summary judgment on grounds
that Imkie had no evidence to prove the elements of her premises liability
claim.  Imkie, litigating pro se, did not
file a response to the no-evidence motion but did show up at the hearing.  The trial court granted summary judgment in
favor of Methodist.

Imkie, acting pro se, timely filed a
motion for new trial asking that the summary judgment be set aside so that she
could hire an attorney and file a response to the motion for summary
judgment.  In the motion for new trial,
Imkie acknowledged that she had received Methodist’s no-evidence motion, she
had received notice of the summary judgment hearing, and she had not filed a
written response to the motion.  She contended
she did not have sufficient time to obtain an attorney prior to the summary
judgment hearing.  Imkie’s pro se motion
for new trial asserted that she was injured when she fell at the pathology
laboratory due to paraffin on the floor and that Methodist was aware of the
problem before her fall because she was told about others that had fallen there
and that a mat had been requested. 
Imkie’s pro se supplement to her motion for new trial added the
explanation that she believed her presence in court on the date of the summary
judgment hearing was all that was required to respond to the motion for summary
judgment and that she was unaware that a written response was necessary.  Neither her motion for new trial nor her
supplemental motion for new trial included any affidavit attesting to any of
the facts contained in the motions, nor did they include a written response to
the no-evidence motion for summary judgment. 


The trial court held an evidentiary
hearing concerning her motion for new trial.  
By then, Imkie was represented by an attorney.  Imkie’s attorney did not provide a written
response to the no-evidence motion for summary judgment, but he did provide
Imkie’s testimony.  Concerning the merits
of her lawsuit, Imkie stated that she fell at the pathology laboratory due to
paraffin on the floor that was not visible. 
She testified that she was told by several people that others had also
fallen at that location.  She said that a
mat was not placed there even though, according to what the lab manager told
her, one was available.  Methodist
objected to her testimony as hearsay and as being inconsistent with statements
Imkie had made in her deposition.  During
cross-examination, Imkie acknowledged that a doctor who saw her after the fall
did not believe that she was injured in a fall and that she had an illness that
pre-existed the fall.  After the hearing,
the trial court denied Imkie’s motion for new trial.  Imkie now appeals the grant of summary
judgment and the denial of her motion for new trial.

Motion for Summary Judgment 

          In
her first issue, Imkie argues the trial court erred by granting Methodist’s
no-evidence motion for summary judgment. 


          A.      Applicable Law

          We
review summary judgments de novo.  See Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A no-evidence motion for summary judgment
must be granted if, after adequate time for discovery, the moving party asserts
there is no evidence of one or more specified elements of a claim or defense on
which the adverse party would have the burden of proof at trial, and the
respondent produces no summary judgment evidence raising a genuine issue of
material fact on those elements.  Tex. R. Civ. P. 166a(i); LMB, Ltd.
v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006).

          A
party who files a no-evidence summary judgment motion pursuant to Rule 166a(i)
has essentially requested a pretrial directed verdict.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 581 (Tex. 2006).  When the movant
files its motion in proper form, the burden shifts to the nonmovant to defeat
the motion by presenting evidence that raises an issue of material fact
regarding the elements challenged by the motion.  Id. at 582; Landers v. State Farm
Lloyds, 257 S.W.3d 740, 744 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).  

          Absent
a timely response, a trial court must grant a no-evidence motion for summary
judgment that meets the requirements of Rule 166a(i).  Landers, 257 S.W.3d at 746; Michael
v. Dyke, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.)
(“[f]ailure to respond to a no-evidence motion is fatal”); see Tex. R. Civ. P. 166a(i).  If a nonmovant wishes to assert that, based
on the evidence in the record, a fact issues exists to defeat a no-evidence
motion for summary judgment, the nonmovant must timely file a response to the
motion raising this issue before the trial court.  Landers, 257 S.W.3d at 746 (citing Tex. R. Civ. P. 166a(i)).    

The Rules of Civil Procedure require
that a non-movant respond to a motion for summary judgment at least seven days
before the summary judgment hearing.  See Tex.
R. Civ. P. 166a(c) (“Except on leave of court, the adverse party, not
later than seven days prior to the date of the hearing may file and serve
opposing affidavits or other written response.”).  Rule 166a(c) further states, “No oral testimony shall be received at the
hearing.”  Id.   

          B.      Analysis

          Methodist
filed a motion that identifies the elements as to which there is no evidence,
and the motion is in a form that is neither conclusory nor a general
no-evidence challenge.  See
Tex. R. Civ. P. 166a(i); Moreno, 201 S.W.3d at 688. Methodist’s
no-evidence motion for summary judgment asserts it is entitled to summary
judgment on Imkie’s premises liability tort claim because there is no evidence
that

(1)     an
unreasonably dangerous condition existed on Methodist’s premises at the time of
Imkie’s fall, 

 

(2)     Methodist
had any knowledge of any unreasonably dangerous condition, 

 

(3)     Methodist
failed to take reasonable steps to reduce or eliminate any risk caused by the
condition of the premises, 

 

(4)     Methodist’s
acts or omissions caused Imkie’s injuries in any way, and 

 

(5)     there was
any malice, extreme risk of injury, or actual subjective awareness of such risk
on the part of Methodist. 

 

          This
no evidence motion for summary judgment challenges the elements of a premises liability
claim, which are: (1) some condition on premises posed
an unreasonable risk of harm; (2) the owner had actual or constructive
knowledge of the condition; (3) the owner did not exercise reasonable care to
reduce or eliminate the risk of harm; and (4) the owner’s failure to use such
care proximately caused the plaintiff’s injuries.  See 
Moreno, 201 S.W.3d
at 688.  The record undisputedly shows Imkie received timely
notice of Methodist’s summary judgment motion. 
See Tex. R. Civ. P. 166a(c). 
Imkie failed to file a written response to Methodist’s motion for
summary judgment, as required by the rules governing summary judgments.  See id.  Furthermore, Imkie did not file a motion for
leave to file an untimely response. 
Because Imkie failed to make any response to the no-evidence motion for
summary judgment, we hold the trial court properly rendered summary judgment in
favor of Methodist.  Landers, 257
S.W.3d at 746 (holding trial court did not err in granting no-evidence motion
for summary judgment in absence of timely response).

          We
overrule Imkie’s first issue.

Motion for New Trial

          In
her second issue, Imkie argues the trial court abused its discretion by denying
her motion for a new trial.  

A.       Standard of
Review

We review a trial court’s
denial of a motion for a new trial for abuse of discretion.   See In re R.R., 209 S.W.3d 112, 114
(Tex. 2006). The trial court abuses its discretion if it acts without reference
to any guiding principles or acts arbitrarily or unreasonably.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985). 
Under an abuse of discretion standard, we view the evidence in the light
most favorable to the trial court’s actions. 
Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).  When we
determine whether the trial court abused its discretion, we may not substitute
our judgment for that of the trial court unless its decision was so arbitrary
that it exceeded the bounds of reasonableness.  
Clarendon Nat’l Ins. Co. v. Thompson, 199 S.W.3d 482, 494 (Tex.
App.—Houston [1 Dist.] 2006, no pet.). 
Accordingly, we review the evidence submitted to the trial court in the
light most favorable to that court’s ruling, draw all legitimate inferences from
the evidence, and defer to the trial court’s resolution of conflicting
evidence.  Id. 

          B.      Time to Retain New Counsel

          Imkie
contends she should be granted a new trial on the grounds that she was not
given sufficient opportunity to retain new counsel for the summary judgment
hearing.  She asserts her response to
Methodist’s motion for summary judgment was due on June 16, 2008, seven days
before the summary judgment hearing, giving her only 14 days to find new
counsel to respond to the motion.  Imkie
further claims her ability to locate new counsel was hindered by prejudicial
statements made by opposing counsel and by the extent of her injuries.  

          The
record shows that on December 26, 2007, the Lanier Law Firm notified her of its
desire to withdraw as her counsel and two days later she signed an
acknowledgment of that notification.  On
May 5, 2008, when the trial court granted Lanier’s motion to withdraw as
counsel, Imkie had over five months to obtain new counsel, but did not. She did
not file a motion for continuance of the summary judgment hearing and did not request
permission to file a late response. 
Besides conclusory assertions regarding her injuries and statements about
Methodist’s counsel’s motives, Imkie failed to provide any evidence that her
failure to have counsel at the hearing was not due to her own fault or
negligence.  See State v. Crank,
666 S.W.2d 91, 94 (Tex. 1984) (concluding that, where absence of counsel is
urged as grounds for continuance, party must show that failure to be
represented at trial is not due to party’s own fault or negligence) (citing Counts
v. Counts, 358 S.W.2d 192, 200 (Tex. Civ. App.—Austin 1962, writ dism’d
w.o.j.) (new trial will not be awarded to litigant whose counsel withdraws from
case prior to trial but in time for litigant to engage services of another
attorney)); Wilburn v. GE Marquette Med. Sys., Inc., 163 S.W.3d 264, 270
(Tex. App.—El Paso 2005, pet. denied) (applying holding in Crank to
context of summary judgment hearing).  We
hold that the trial court did not abuse its discretion by denying Imkie’s motion
for new trial.  Cf. Landers v. Adelson,
788 S.W.2d 940, 941–42 (Tex. App.—Fort Worth 1990, no writ) (holding no abuse
of discretion in denying continuance when client voluntarily agreed to
withdrawal of counsel and had almost four months to retain new counsel).

C.      Craddock

          Imkie
asserts that the trial court erred by denying her motion for a new trial because she
claims that she established each of the elements for a new trial under the
equitable principles of Craddock. 
See Craddock v. Sunshine
Bus Lines, Inc., 133 S.W.2d 124 (1939).  When a defaulting party moving for new trial meets all
three elements of the Craddock test, then a trial court abuses its discretion
if it fails to grant a new trial.   Dolgencorp of Tex., Inc. v. Lerma, 288 S.W.3d 922, 926 (Tex.
2009).  In Craddock, the Texas
Supreme Court held, that under equitable principles, a default judgment should
be set aside when (1) the defendant establishes that the failure to answer was
not intentional or the result of conscious indifference, but the result of an
accident or mistake, (2) the motion for new trial sets up a meritorious
defense, and (3) granting the motion will occasion no undue delay or otherwise
injure the plaintiff.  See Craddock,
133 S.W.2d at 126.  

Although Craddock originally applied to defendants, this Court extended its
equitable principles to a plaintiff whose case was dismissed for lack of
prosecution.  Rund v. Trans
East, Inc., 824 S.W.2d 713, 717–19 (Tex. App.—Houston [1st
Dist.] 1992, writ denied) (holding that plaintiffs met burden to establish first element because
evidence showed “the reason for appellant’s failure to timely file a
motion to reinstate was directly attributable to reasonable reliance on
misinformation and actions of the court officials” and other two elements were
undisputed).[1]  




 

1.     Mistake or Accident

          Imkie,
the plaintiff seeking equitable relief for a summary
judgment rendered against her, does establish the first modified Craddock element that requires proof that the underlying
judgment was not due to intentional conduct or the result of conscious
indifference on her part but was due to a mistake or an accident.  Craddock, 133 S.W.2d at 126.  Imkie does not assert that she received any
erroneous information from a court official or that she lacked notice of the
proceedings.  Rather, the sole reason
Imkie asserts to excuse her failure to respond to the motion for summary
judgment is her mistaken belief that all she had to do to respond to the motion
for summary judgment was to appear in person without the need for filing a
written response.  Imkie asserts her case
is like Wheeler v. Green,
157 S.W.3d 439 (Tex. 2005).

The Texas Supreme Court extended Craddock to summary judgments under
limited circumstances where a pro se nonmovant appeared in person but
mistakenly did not respond in writing to a matter-of-law summary judgment
motion.  Wheeler, 157 S.W.3d at 442.  In Wheeler,
based on sixty-four deemed requests for admissions,
the trial court granted summary judgment, terminating Sandra Wheeler as joint
managing conservator of her daughter and taking other actions against her.  Id.
at 441.  The attorney for the father of
the child “neglected to point out in his summary judgment motion that Sandra—appearing
pro se—actually had filed responses six months before the motion was
heard, but two days after they were due.” 
Id. (emphasis in
original).  “Sandra—still pro se—filed no
response but attended the summary judgment hearing.”  Id.  Sandra thereafter obtained an attorney who
filed a motion for new trial that asserted the requests for admission should
not have been deemed admitted, attached her responses to the request for
admissions that she had sent to counsel, argued that her responses had been
timely sent, and asked that the summary judgment be set aside.  Id.
at 441–42.  Sandra’s motion for new
trial, however, did not include a response to the summary judgment, nor did she
move for the court to allow her to file a late response to the motion for
summary judgment, nor did she move to withdraw her deemed admissions.  Id.
at 442.  The trial court denied the
motion for new trial.  Id.  

One
reason the Wheeler court gave for
ruling for Sandra concerned the timing of her late response to the summary
judgment.  See id.  The court said
Sandra did not waive the arguments she presented in her motion for new trial
because she did not realize until after judgment was rendered against her that
her responses were late, that she needed to move to withdraw deemed admissions,
and that she needed to file a response to the summary judgment raising her
arguments.  Id.  The
court distinguished Carpenter
v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 686 (Tex. 2002), in which it had declined to give
equitable relief under Craddock to a
nonmovant litigant who failed to timely respond to a summary judgment motion
despite notice of the hearing.  Wheeler, 157 S.W.3d at 442.  In Carpenter,
the nonmovant had “an opportunity before judgment was
rendered to obtain a continuance or leave to file an untimely response.”   Id.
(citing Carpenter, 98 S.W.3d at 686).  

In
discussing why Sandra’s status as a pro se litigant required equitable relief where
the similarly situated nonmovant in Carpenter
did not, the court said, 

We certainly agree that pro se litigants
are not exempt from the rules of procedure. 
Having two sets of rules—a strict set for attorneys and a lenient set
for pro se parties—might encourage litigants to discard their valuable right to
the advice and assistance of counsel. 
But when a rule itself turns on an actor’s state of mind (as these do
here), application may require a different result when the actor is not a
lawyer. Recognizing that Sandra did not know what any lawyer would does not
create a separate rule, but recognizes the differences the rule itself
contains.

 

Id. at 444 (citation omitted). 
The court stated, “And while Sandra did not move to file a late response
to the summary judgment motion, she came to argue her case at both hearings
only because she was again mistaken as to what a summary judgment ‘hearing’
was.”  Id. at 442.  

Wheeler is similar to Imkie’s situation in that Imkie was a pro se
litigant who appeared in court under the belief her appearance was all that was
needed to respond to the motion for summary judgment.  See id.  Imkie, therefore, meets the Wheeler test for establishing that her
failure to respond to the motion for summary judgment and her failure to ask
for an extension of time to respond to the motion for summary judgment were
mistakes based on her misunderstanding of the law due to her status as a pro se
litigant.  See id. at 444.

2.  Meritorious Claim

Setting up a meritorious defense under Craddock does not require proof “in the accepted sense.”  Dolgencorp of Tex., Inc., 288 S.W.3d
at 928 (quoting Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966)). 
This does not mean that the motion should be granted if it merely alleges that
the defendant “has a meritorious defense.”  Ivy, 407 S.W.2d at
214.  Rather, the motion sets up a meritorious defense if it alleges facts
that in law would constitute a defense to the plaintiff’s cause of action and
is supported by affidavits or other evidence providing prima facie proof that
the defendant has such a defense.  Dolgencorp, 288 S.W.3d at 928; Ivy,
407 S.W.2d at 214.  Once such requirements are met, controverting evidence
offered by the nonmovant should not be considered.  Dolgencorp, 288
S.W.3d at 928.  Without considering
controverting evidence offered by Methodist, we examine whether Imkie has
provided prima facie evidence of her claim. 
See id.  

In Wheeler, the court examined the rules for summary judgments when
determining whether a meritorious defense had had been shown.  Wheeler, 157 S.W.3d at 442.  Citing to the rules for matter-of-law summary judgments,
the court said Sandra was not required to
file a summary judgment response in order to prevail against a matter-of-law
motion for summary judgment.  Id.
(citing Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222–23 (Tex. 1999) (stating that, in matter-of-law summary judgment, nonmovant has no burden to respond to summary judgment
motion unless movant conclusively establishes its cause of action or defense
and trial court may not grant summary judgment by default when movant’s summary
judgment proof is legally insufficient)). 
In contrast, here, Methodist filed a no-evidence summary judgment
motion, which required Imkie to respond with some evidence of each of the
elements of her claim for premises liability if she was to defeat the
motion.  See Landers, 257 S.W.3d at 746.  

We look to the substance of her
arguments in her motion for new trial and to the evidence provided at the
motion for new trial stage.  See Wheeler, 157 S.W.3d at 442 (determining that
Sandra’s motion for new trial and accompanying
evidence that included Sandra’s responses to requests for admission sufficient
to put trial court on notice of arguments to defeat summary judgment that had
been rendered against her even though Sandra did not file response or request to
file late response to motion for summary judgment).  Imkie’s motion for new trial stated, “[H]ad I
filed the proper response with affidavits timely showing that I had a prima
facie case (which I can do), the Court would have overruled [Methodist’s]
motion.”  This conclusory statement is
inadequate to establish a claim for premises liability.  See Ivy,
407 S.W.2d at 214.  

Imkie did testify at the hearing for
the motion for new trial.  Although her
testimony did provide some evidence that there was an unreasonably dangerous
condition in that there was invisible paraffin on the floor that caused her to
fall, Imkie’s testimony failed to provide any facts or evidence that Methodist
had any knowledge of the unreasonably dangerous condition and that Methodist
failed to take reasonable steps to reduce or eliminate any risk caused by the
condition of the premises.  At most, Imkie
showed that some people were aware of the problem and failed to correct it, but
she did not show that those people were employees or representatives of
Methodist.  The evidence supplied by
Imkie is inadequate to show a meritorious claim.  See
Dolgencorp of Tex., Inc., 288 S.W.3d at 928; Moreno, 201 S.W.3d at 688. 

3.  Undue Delay

Having determined Imkie failed to
establish the second element in Craddock,
we do not reach the element of undue delay. 


We hold the trial court properly
overruled Imkie’s motion for new trial that asserted the principles of Craddock.  We overrule Imkie’s second issue.




 

Conclusion

          We affirm the judgment of the trial
court.

 

                                                                    

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel
consists of Justices Keyes, Alcala, and Hanks.

 











[1]
          However,
this Court subsequently stated that it would not apply the Craddock test to a bill of review proceeding when the party shows
it relied on “a mistake of or erroneous information from an official court
functionary,” as was the case in Rund.  State
v. Sowell, No. 01-94-00577-CV, 1995 WL 489139, at *2 n.2 (Tex. App.—Houston
[1st Dist.] Aug. 17, 1995, no writ).