**E. Dean LANDERS and Margaret Landers, Appellants,**

v.

**STATE FARM LLOYDS, Appellee.**

No. 01–06–00181–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 27, 2008.

Edwin T. Lipscomb, Robert W. Loree, Loree, Hernandez & Lipscomb, PLLC, San Antonio, TX, for Appellants.

Joseph F. Nistico, Jr., Nistico & Crouch, P.C., Houston, TX, Scott Rothenberg, Law Offices of Scott Rothenberg, Bellaire, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION ON REHEARING

GEORGE C. HANKS, JR., Justice.

We withdraw our Opinion and judgment rendered February 28, 2008 and issue the following in its stead. We deny appellants' motions for rehearing and rehearing en banc.

In this insurance coverage case, the trial court granted State Farm Lloyds's ("State Farm") motion to exclude E. Dean and Margaret F. Landers' ("the Landerses") experts and then granted State Farm's no-evidence motions for summary judgment. On appeal, the Landerses contend that the trial court erred (1) in granting the motions for summary judgment because there are genuine issues of material fact, (2) in allowing State Farm's expert to give new opinions and calculations at the *Daubert/Robinson*[1] hearings that had not been timely supplemented and disclosed before the hearings, (3) in striking the Landerses' experts from testifying at trial, and (4) in not granting the Landerses' request for a continuance of the hearing on the motions for summary judgment. We affirm.

### Procedural and Factual Background

The Landerses are named insureds under a homeowner's insurance policy issued by State Farm. In August 2001, the Landerses notified State Farm that their home had suffered structural and cosmetic damage as a result of plumbing leaks. State Farm assigned Reuben Quintero as the adjuster for the claim. State Farm also hired a pipe inspection company and an engineering company to inspect the Landerses' property and to provide a report to State Farm regarding the cause of the damage to the Landerses' home. Following the completion of its investigation, State Farm determined that the damage claimed by the Landerses was not caused by a plumbing leak and that State Farm did not have a duty under the Landerses' homeowner's policy to pay the claim. The

---

1. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549 (Tex.1995) (requiring trial judges to scrutinize evidence for reliability).

Landerses sued State Farm and Quintero for breach of State Farm's obligations under the homeowner's policy, breach of the duty of good faith and fair dealing, fraud, and for violations of the Texas Insurance Code and the Texas Deceptive Trade Practice Act ("DTPA").

State Farm filed a motion to exclude the opinion testimony of Jim Linehan and Jeffery Lineberger, the Landerses' two expert witnesses on the issue of causation. After two *Daubert/Robinson* hearings, the motion was granted, and both Linehan and Lineberger were prevented from testifying regarding the cause of the damage to the Landerses' home.

Two months later, on November 1, 2005, State Farm filed its "Motion for No Evidence Summary Judgment on All of the Plaintiffs' Claims and Supplement To the Motion for Summary Judgment on Plaintiffs' Extra–Contractual Claims."[2] This motion was set to be submitted to the trial court at 8:00 a.m. on November 28, 2005. At 9:20 a.m. on the morning of the submission, the district court clerk received the Landerses' response to the motion. In addition to complaining of the trial court's striking of their experts, the response also contains a motion seeking continuance of the submission of State Farm's motion for summary judgment. The response does not contain a motion for leave to file a tardy response.

The next day, the trial court, noting that it had found no response to the motions for summary judgment or motions to be considered by the court, granted State Farm's motions for summary judgment and dismissed the Landerses' claims against Quintero. A copy of this order was faxed to the Landerses' counsel.

Eight days later, on December 7, 2005, the Landerses sent a letter to the trial court advising it that it was in error when it stated in the order that they did not file a response to the motions for summary judgment. They stated that a response was timely filed by certified mail, return receipt requested on November 21, 2005. They also stated that a motion for continuance of the hearing on State Farm's motion for summary judgment was contained in the response.[3] The letter to the trial court did not include a certified mail receipt demonstrating a timely post mark or an affidavit verifying the facts alleged in his letter regarding the timeliness of the filing of the response.

The Landerses filed a motion for new trial. Although the motion asserts that the Landerses' response and motion for continuance were timely filed on November 23, 2005, again, there was no copy of a certified mail receipt demonstrating a timely post mark of the United States Postal Service or an affidavit verifying the facts alleged in the motion regarding the timeliness of the filing of the response. The motion was overruled by operation of law, and this appeal followed.[4]

---

**2.** State Farm had previously filed a traditional motion for partial summary judgment regarding the Landerses' extra-contractual claims, which also sought the dismissal of Quintero.

**3.** The Landerses' counsel also states in the letter that, on November 23, 2005, he sent a draft order to the trial court regarding his motion for a continuance. A copy of the alleged transmittal letter for this order was attached to the letter. Although the attached letter is dated November 23, 2005, it is file stamped as having been received by the clerk's office on December 13, 2005—almost three weeks after the Landerses' counsel claims to have mailed it to the trial court.

**4.** Although Quintero is named in the style of this appeal, the Landerses do not contest the trial court's dismissal of Quintero from this suit.

## Summary Judgment

In their first and second issues, the Landerses argue that the trial court erred in granting State Farms's motions for summary judgment because there was summary judgment evidence creating fact issues with respect to all of the Landerses' causes of action. We disagree.

### Standard of Review

We review summary judgments de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). A no-evidence motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. TEX.R. CIV. P. 166(a)(i); *LMB, Ltd. v. Moreno,* 201 S.W.3d 686, 688 (Tex. 2006).

A party who files a no-evidence summary judgment motion pursuant to rule 166a(i) has essentially requested a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581 (Tex.2006). When the movant files its motion in proper form, the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Id.* at 582; *Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

### Timeliness of the Landerses' Response

In one pleading, State Farm filed two no-evidence motions for summary judgment. In the motions, State Farm asserts that it is entitled to summary judgment on the Landerses' breach of contract claim because:

(1) The Landerses have no evidence that any peril or event covered under their policy with State Farm Lloyds was a producing cause of a loss.

(2) The Landerses have no evidence that any peril or event covered under their policy with State Farm Lloyds was a proximate cause of a loss.

(3) The Landerses have no evidence that State Farm Lloyds failed to comply with any of its duties under the homeowner's policy.

(4) The Landerses have no evidence that any failure by State Farm Lloyds to comply with any of its duties under its contract with the Plaintiffs was a producing cause of damages.

(5) The Landerses have no evidence that any failure by State Farm Lloyds to comply with any of its duties under the homeowner's policy was a proximate cause of the Landerses' damages.

State Farm also asserts that, because there was no evidence of causation and no evidence of breach of contract, it had no liability under the Texas Insurance Code.

State Farm also supplemented a previously-filed traditional motion for summary judgment regarding the Landerses' extra-contractual claims with a no evidence motion on these claims. In the supplement, State Farm asserts that it is entitled to summary judgment on the extra-contractual claims because there cannot be liability under extra-contractual causes of action if, as here, there is no evidence of a breach of the homeowner's policy by State Farm. In addition, State Farm argues that there is no evidence that the conduct that State Farm allegedly engaged in was extreme or that it produced damages unrelated to or independent of the policy claim.

Pursuant to Texas Rule of Civil Procedure 166a(c), the Landerses had until November 21, 2005, seven days before the hearing on the motions for summary judgment to file either (1) a response to these motions or (2) a motion for leave to file the response out of time. Tex.R. Civ. P. 166a(c). Rule 166a(c) provides, in pertinent part, that, "except on leave of court, the adverse party, not later than seven days prior to the date of the hearing may file and serve opposing affidavits or other written responses." Tex.R. Civ. P. 166a(c).

■ The "mail box" rule of Texas Rule of Civil Procedure 5, applies to responses to motions for summary judgment. Pursuant to this rule, a response, sent to the clerk by first class United States mail on the seventh day prior to the hearing, is deemed timely filed if received by the clerk not more than 10 days after its due date. Tex.R. Civ. P. 5. This rule further states that "a legible post mark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing." *Id.* In addition, Texas courts have held that, "in the absence of a proper postmark or certificate of mailing, an attorney's un-controverted affidavit may be evidence of the date of mailing." *Lofton v.*

*Allstate Ins.*, 895 S.W.2d 693, 694 (Tex. 1995).

■ Here, the Landerses' response to the no-evidence motions for summary judgment was untimely filed. The Landerses did not present the trial court with proof of "a legible postmark affixed by the United States Postal Service" or an affidavit establishing that the Landerses' response to State Farms's motion for summary judgment was timely mailed.[5] Furthermore, the Landerses did not file a motion for leave to file their untimely response. Under these circumstances, we conclude that the Landerses' response was filed on the date of the court clerk's file stamp, November 28, 2005, and the Landerses' allegations that their response was timely filed are unsupported in the record.[6] Accordingly, the trial court did not err in granting the pending motions for summary judgment without considering the untimely response. *See Atchley v. NCNB Tex. Nat'l Bank*, 795, S.W.2d, 336, 337 (Tex.App.-Beaumont, 1990, pet.denied) ("Untimely responses to motions for summary judgments are not properly before a trial court at a hearing on such motions.")

---

**5.** Nevertheless, the Landerses argue that the response was timely filed because they presented the trial court with a private postage meter stamp on the envelope containing the response, and the stamp bore the date of November 21, 2005. We disagree. Texas courts have held that private postage meter stamps do not establish the date of mailing under the mailbox rule. *See Tex. Beef Cattle Co. v. Green*, 862 S.W.2d 812, 813–14 (Tex. App.-Beaumont 1993, no writ) (date on self-dating sticker produced by a private postage meter "has little, if any, probative force as evidence of the date of mailing.") Likewise, contrary to the Landerses' argument, neither the certificate of service on the response nor a letter sent to the trial court by their counsel as "an officer of the court" constitutes an uncontroverted affidavit that established the date of mailing under the mailbox rule in the absence

of a U.S. Post Office postmark. *See Lofton*, 895 S.W.2d at 694 (holding that, in the absence of a U.S. Post Office postmark, attorney's uncontroverted affidavit establishes the date of mailing under the mailbox rule.)

**6.** On appeal, the Landerses attach to their reply brief what purports to be a receipt for the delivery of their response to the motions for summary judgment. Although the purported receipt has a place for a U.S. Post Office postmark, no such mark is present. Attachments of documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal. *Till v. Thomas*, 10 S.W.3d 730, 734 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Therefore, we cannot consider it. *Id.*

**Effect of Untimely Response**

The Landerses argue that, even without their response, State Farms's motions for summary judgment still should have been denied. The Landerses contend that State Farms attached the report of one of their experts, Taylor Sealy, to its earlier-filed traditional motion for partial summary judgment, and Sealy's report creates a fact issue sufficient to defeat both subsequently-filed no-evidence motions for summary judgment.[7] We disagree.

■■■ Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). TEX.R. CIV. P. 166a(i). If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, he must timely file a response to the motion raising this issue before the trial court. *Id.* Before the advent of rule 166a(i), it was well settled that summary judgment could not be rendered based on the default of the opposing party. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Rizkallah v. Conner*, 952 S.W.2d 580, 582–83 (Tex.App.-Houston [1st Dist.] 1997, no pet.). The nonmovant was not required to file a response to defeat the motion for summary judgment because deficiencies in the movant's own proof or legal theories might defeat the movant's right to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

However, as Texas courts have repeatedly held, the traditional prohibition against summary judgment by default is inapplicable to motions filed under Rule 166a(i). *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 723 (Tex.App.-Houston [1st Dist.] 2003, no pet.). As the court held in *Jackson v. Fiesta Mart Inc.*,

> On appeal, [nonmovant] argues that the trial court may not grant a summary judgment by default for lack of an answer or response when the movant's summary judgment proof is legally insufficient. [Nonmovant's] argument is technically correct when applied to a motion for summary judgment filed under Rule 166a(c). [Movant's] motion, however, was clearly a no-evidence motion for summary judgment filed under Rule 166a(i), which shifts the burden of raising a genuine issue of material fact to the nonmovant.

979 S.W.2d 68, 71 (Tex.App.-Austin, 1998, no pet.). Accordingly, where as here, the movant has filed a motion that identifies the elements as to which there is no evidence, and in a form that is neither conclusory nor a general no-evidence challenge, summary judgment must be rendered absent a timely and legally adequate response by the nonmovant. *See Roventini*, 111 S.W.3d at 722. In this case, because the Landerses did not file a timely response to the motion, we hold that the trial court did not err in granting the no-evidence motions for summary judgment.[8]

We overrule issues one and two.

---

7. The Landerses did not designate Sealy to testify at trial.

8. The Landerses correctly assert that the majority of courts have held that, even in the absence of a timely-filed response, a party may still challenge for the first time on appeal the legal sufficiency of a no-evidence motion for summary judgment. *See e.g. Cuyler v. Minns*, 60 S.W.3d 209, 213 (Tex.App.-Hous-

ton [14th Dist.] 2001, no pet.) (holding that, if no-evidence motion is not specific in challenging a particular element or is conclusory, motion is insufficient as a matter of law and may be challenged for first time on appeal); *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.). However, the Landerses do not make such a challenge here.

## Motion for Continuance

█ In issue five, the Landerses assert that the trial court erred in denying their motion for continuance of the hearing on motions for summary judgment. We disagree.

## Standard of Review

█ We review the grant or denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). We will not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner "without reference to any guiding rules and principles." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)).

█ The trial court may grant a continuance to a party opposing a motion for summary judgment to permit further discovery if the nonmovant can show the need for such discovery to oppose the motion. TEX.R. CIV. P. 166a(g). A motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and *shows that the party requesting the continuance has used due diligence to timely obtain the evidence.* TEX.R. CIV. P. 251, 252; *see Hatteberg v. Hatteberg*, 933 S.W.2d 522, 527 (Tex.App.-Houston [1st Dist.] 1994, no writ). The affidavit of diligence must state with particularity what diligence was used; conclusory allegations of diligence are not sufficient. *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex.App.-Beaumont 1992, no writ). A party who fails to diligently use the rules of discovery is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988).

As discussed above, the Landerses did not file their motion for continuance until after the deadline had passed for their response. Furthermore, neither the motion nor the affidavit verifying the contents of the motion set forth any facts regarding the Landerses' diligence in attempting to secure additional expert testimony prior to the deadline to respond to the motion for summary judgment.[9] Under these circumstances, we hold that the trial court did not abuse its discretion in denying the motion for continuance. We overrule issue five.

Because we affirm the trial court's granting of the two motions for summary judgment, we need not reach the remaining issues.

## Conclusion

We affirm the trial court's judgment.

█

---

**9.** The entirety of the Landerses' motion for continuance states as follows:

> Alternatively, Plaintiffs move for continuance so that they can designate another engineer and present evidence that the subject leaks caused damage to Plaintiffs' home since the court has excluded such evidence from Mr. Linehan and Mr. Lineberger. This continuance would give Plaintiffs the opportunity to present evidence to controvert State Farm's [sic] no-evidence motion for summary judgment. This continuance is not requested for purposes of delay, but so that justice may be done.