Opinion issued October 27, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00581-CV

———————————

Daniel Pantlitz,
Appellant

V.

Edwin J. Sikkenga, Appellee



 



 

On
Appeal from the 190th District Court

Harris
County, Texas



Trial Court Case No. 2007-67477

 



 

MEMORANDUM OPINION

Appellant, Daniel Pantlitz, appeals from
a final judgment entered in favor of Appellee, Edwin J. Sikkenga.  Pantlitz brought suit against Sikkenga
claiming negligence in an automobile accident between the two parties.  In three issues, Pantlitz contends the trial
court abused its discretion in denying his (1) emergency motion for continuance
prior to trial, (2) motion for new trial and (3) motion for continuance at the
time of trial in order to call the investigating officer as a witness.  Sikkenga asks this Court to award sanctions on
the ground that Pantlitz’s appeal is frivolous because he failed to provide a
reporter’s record.[1]  

We affirm the judgment of the trial court and deny
Sikkenga’s motion for sanctions.

                                                                                                                                                                
Background

On January 24, 2007, Daniel Pantlitz was involved in an
automobile accident with Edwin J. Sikkenga, who was driving a Federal Express
truck at the time of the accident. 
Pantlitz brought a negligence suit against Sikkenga in the 151st Harris
County district court on November 1, 2007.

The suit between Pantlitz and Sikkenga was first set for
trial for the week starting April 6, 2009, with discovery to be completed by
March 6, 2009.  On January 12, 2009, the
parties filed a joint motion for continuance to continue discovery.  The trial court granted the motion and reset
the trial for July 6, 2009.  

About a month before a trial setting, Pantlitz amended his
petition to join Federal Express to the suit as a defendant.  Following this amendment, Pantlitz filed a
motion for continuance on June 16, 2009. 
In the motion, Pantlitz stated that discovery was incomplete and he
intended to depose the officer who investigated the accident and the
eyewitness.  The trial court granted the
motion for continuance and reset the trial for the two-week docket beginning
March 1, 2010.  

In response to Federal Express’s motion for summary
judgment, Pantlitz filed his third motion for continuance on September 4, 2009
on the grounds that discovery was incomplete and he needed to depose the same
persons identified in his second motion for continuance.  The trial court denied this motion and
granted summary judgment in favor of Federal Express.

In preparation for trial, the trial court ordered the
parties to exchange deposition excerpts on or before February 18, 2010, and
file any motion for continuance before February 19, 2010.  Sikkenga subpoenaed and deposed the investigating
officer and the eyewitness to the accident on February 9, 2010.  Pantlitz was present at both depositions.  

Pantlitz filed an emergency motion for continuance on
February 23, 2010, on the grounds that he had not received the transcripts of
the depositions, placing him at great disadvantage in preparing for trial since
opposing counsel had received the transcripts earlier.  Pantlitz claims he requested a copy of the
deposition transcripts and expected to receive them on February 19, 2010.  He planned to use the deposition to call into
question the credibility of the eyewitness at trial.  The trial court heard and denied this motion
for continuance on February 25, 2010, but ordered Sikkenga to send copies of
the depositions to Pantlitz by 11:00 a.m. on Friday, February 26, 2010.  Pantlitz claims he did not receive a legible
copy of the transcripts until Monday, March 1, 2010.  

The case was transferred from the 151st district court to
the 190th district court on March 2, 2010 and went to trial on March 3,
2010.  In his brief on appeal, Pantlitz claims
he unsuccessfully orally re-urged his emergency motion for continuance at the start
of trial on the grounds he was not adequately prepared for trial because he did
not receive the deposition transcript on time.  


Pantlitz also claims he moved for continuance during trial
because the investigating officer, whom he had subpoenaed to appear, was not
present.  Pantlitz further asserts the
trial court denied this motion as well. 
According to Pantlitz, the officer went to the 151st court, the clerk
did not redirect the officer to the 190th court, and Pantlitz was unable to
reach the officer on the day of trial.

The case was submitted to the jury on March 3, 2010.  The jury returned a verdict for Sikkenga and
the trial court rendered a take-nothing judgment on March 30, 2010.  Pantlitz filed a motion for a new trial,
which the trial court denied on June 18, 2010. 
The trial court vacated its March 30, 2010 judgment on June 14, 2010,
and fully reinstated it on June 18, 2010.  
Pantlitz filed an amended motion for a new trial on June 29, 2010.  The amended motion was overruled by operation
of law.  

Pantlitz then brought this appeal contending the trial
court abused its discretion in denying his (1) pretrial emergency motion for
continuance, (2) motion for new trial, and (3) motion for continuance during
trial in order to call the investigating officer as a witness.  On April 15, 2011, Pantlitz filed a motion
asking this Court to reverse the trial court without a reporter’s record.  This Court granted the motion in part and
denied it in part, stating the Court would consider the appeal without a
reporter’s record.  In his brief,
Sikkenga moved to impose sanctions on Pantlitz for frivolous appeal for failing
to provide a reporter’s record.  

                                                                                                                                      
Motions for Continuance

In three issues, Pantlitz contends that the trial court
erred in denying his (1) pretrial emergency motion for continuance for lack of
preparation for trial, (2) motion for new trial, and (3) motion for continuance
during trial in order to call the investigating officer as a witness.  Pantlitz’s second issue on appeal, concerning
the trial court’s denial of his motion for new trial was based on the denial of
his emergency motion for continuance. 
Pantlitz contends in his brief that, by denying his motion for
continuance, the court deprived him of “material testimony to develop the merits
of his case.”  Accordingly, we consider
his second issue on appeal together with his first, which concerns the trial
court’s denial of the same emergency motion for continuance.

A.              
Standard of Review

An appellate court reviews the trial court’s ruling on a motion
for continuance for an abuse of discretion. 
See Landers v. State Farm Lloyds,
257 S.W.3d 740, 747 (Tex. App. — Houston [1st Dist.] 2008, no pet.) (citing Villegas v. Carter, 711 S.W.2d 624, 626
(Tex. 1986)).  The trial court has broad
discretion to deny or grant a motion for continuance, and the appellate court
will not reverse the trial court’s decision absent a clear abuse of
discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); see also Roob v. Von Beregshasy, 866
S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  Considering the circumstances at the time the
motion is denied, a trial court abuses its discretion if it acts in an
arbitrary and unreasonable manner without reference to any guiding rules or
principles.  Landers, 257 S.W.3d at 747. 
To decide if a trial court has abused its discretion, the appellate
court considers the following non-exclusive factors: (1) the length of time the
case has been on file; (2) the materiality of the discovery sought; and (3)
whether due diligence was exercised in obtaining discovery.  Joe  v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 161 (Tex. 2004).  The
appellate court may not substitute its judgment for that of the trial court in
matters committed to the trial court’s discretion.  In re
Spooner, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig.
proceeding).

B.              
Waiver

As an initial matter, we must determine whether any of Pantlitz’s
issues on appeal have been waived.  Sikkenga
argues that all of Pantlitz’s issues on appeal have been waived because
Pantlitz failed to obtain a reporter’s record. 
Pantlitz contends that the reporter’s record is not necessary to reach
the merits of his appeal.  

To preserve error for appellate review, the appellant must
make a timely request, objection, or motion stating the grounds for the ruling
the appellant is seeking with sufficient specificity to make the trial court
aware of his complaint.  Tex. R. App. P. 33.1(a)(1)(A).  In addition, the trial court must rule on the
motion either expressly or implicitly.  Tex. R. App. P. 33.1(a)(2)(A).  Otherwise, the complaint is waived and cannot
be brought up on appeal.  Tex. R. App. P. 33.1(a). 
It is the appellant’s burden on appeal to establish that any error
complained of has been preserved.  See Hunt Constr. Group, Inc. v. Konecny,
290 S.W.3d 238, 242 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).  

Pantlitz contends on appeal that the trial court abused
its discretion by denying his (1) motion for continuance for lack of
preparation for trial because he did not receive the deposition transcripts and
(2) motion for continuance to call the investigating officer as a witness when
the officer did not appear at trial. 
Pantlitz also claims that he re-urged the motion for continuance for
lack of preparation during trial on additional grounds and it was denied.  

No motion for continuance can be granted “except for
sufficient cause supported by affidavits, or by consent of the parties, or by
operation of law.”  Tex. R. Civ. P. 251.  An oral motion for continuance unsupported by
affidavit preserves nothing for appeal.  Dempsey v. Dempsey, 227 S.W.3d 771, 776
(Tex. App.—El Paso 2005, no pet.); Taherzadeh
v. Ghaleh-Assadi, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied).

Moreover, without the reporter’s record, there is no proof
that Pantlitz made a timely motion to the trial court during trial or that the
trial court ruled on any such motion. 
Pantlitz, as the appellant, had the burden of bringing a record
sufficient to show that the trial court abused its discretion.  Nicholson
v. Fifth Third Bank, 226 S.W. 3d 581, 583 (Tex. App.—Houston [1st Dist.]
2007, no pet); see also In re Mott,
137 S.W. 3d 870, 877 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (holding
“[i]t is axiomatic that the person complaining about a matter in the trial
court has the burden to furnish the reviewing court the record demonstrating
the matter about which the person is complaining”).

Pantlitz’s first two issues on appeal relate to his emergency
motion for continuance.  Pantlitz claims
he re-urged the emergency motion for continuance at trial on additional
grounds.  The re-urging of the motion on
additional grounds has not been preserved for appellate review.  See
Tex. R. App. P. 33.1(a).  However, Pantlitz made his emergency motion
for continuance before trial and obtained a ruling on that motion on February
25, 2010.  Because this motion was
written and verified and because the trial court ruled on the motion, we are
able to review whether the trial court abused its discretion in denying
Pantlitz’s February 2010 emergency motion for continuance. 

Pantlitz’s third issue on appeal relates to his motion for
continuance to call the investigating officer as a witness.  Because there is no record of this oral
motion and there is no evidence that the motion was supported by affidavit, the
issue has not been preserved for appellate review.  See id.  

We overrule appellant’s third issue on appeal.

C.              
February 2010 Motion for Continuance

In the February 2010 motion for continuance, Pantlitz sought
a continuance on the grounds that he was at a great disadvantage in preparing
for trial because he had not received copies of the deposition transcripts and
opposing counsel had received them. 
Pantlitz asserts he requested a copy of the deposition transcript,
expected to receive it by February 19, 2010, and planned to use it to call into
question the credibility of the eyewitness. 
The trial court heard and denied this motion for continuance but ordered
Sikkenga to send copies of the transcript to Pantlitz by 11:00 a.m. on Friday,
February 26, 2010.

To decide if a trial court has abused its discretion, the
appellate court considers the following non-exclusive factors: (1) the length
of time the case has been on file; (2) the materiality of the discovery sought;
and (3) whether due diligence was exercised in obtaining discovery.  Joe,
145 S.W.3d at 161.

The length of time the case was on file strongly suggests
the trial court did not abuse its discretion in denying Pantlitz’s motion for
continuance.  See id.  Pantlitz brought
suit against appellee Sikkenga on November 1, 2007, and trial was set for April
6, 2009.  On January 12, 2009, the
parties filed a joint motion for continuance to complete discovery which the
trial court granted and trial was reset for July 6, 2009.  Appellant filed a motion for continuance on
June 16, 2009 in which he stated he intended to depose the investigating
officer and the eyewitness—the very witnesses that were not deposed until the
eve of trial.  The court granted this
motion and reset the trial for the week of March 1, 2010.   Appellant then filed another motion for
continuance on September 4, 2009 on the grounds he needed to depose the same
witnesses from the earlier motion.  The
court denied this motion for continuance. 


By the time appellant filed his emergency motion for
continuance, this case had been on file for more than two years and the trial
court had already granted two continuances specifically to complete discovery,
and one continuance premised on the need to depose the investigating officer
and the eyewitness.  The denial of the
September 4, 2009 motion for continuance should have signaled to appellant that
the March 1, 2010 trial date would not likely be continued.  See
Perrota v. Farmers Ins. Exch., 47 S.W.3d 569, 576 (Tex. App.—Houston [1st
Dist.] 2001, no pet.) (stating that trial court’s earlier denial of motion for
continuance should have alerted appellant to unlikelihood trial date would be
continued).   The trial court could have
reasonably concluded that Pantlitz had had enough time to prepare his case for
trial.  See Joe, 145 S.W.3d at 161.

Additionally, appellant’s lack of diligence in pursuing
the deposition of the investigating officer and the eyewitness strongly
supports the conclusion that the trial court did not abuse its discretion.  See id.  While appellant presented evidence in his
emergency motion for continuance stating the materiality of the evidence to his
case, the appellant’s failure to acquire this evidence sooner suggests a lack
of due diligence in obtaining discovery.  
Appellant was aware of the materiality of the testimony of the
investigating officer and the eyewitness at least as early as the June 16, 2009
motion for continuance.  Moreover, later
motions for continuances were based on the need to continue discovery,
specifically to depose the investigating officer and the eyewitness.   Pantlitz did not show in these motions why
he had not yet deposed the witnesses or why he had waited for appellee to
subpoena these witnesses for deposition a month before the trial date.  With the trial date looming, Pantlitz’s
emergency motion did not show what steps he had taken to obtain the transcripts
of the deposition when he did not receive them by February 19, 2010, as he
expected.  The trial court could have reasonably
concluded that any hardship Pantlitz faced was largely a product of his own
lack of diligence in securing these depositions earlier in the nearly
two-and-a-half years that this case was pending prior to trial.  See id.

Given the length of time the case was on file and the demonstrated
lack of diligence in obtaining discovery, we cannot conclude that the trial
court abused its discretion in denying the emergency motion for
continuance.  We overrule appellant’s
first and second issues on appeal.

                                                                                                                                               
Motion for Sanctions

Sikkenga urges this Court to impose sanctions on Pantlitz  pursuant to rule 45 of the Texas Rules of
Appellate Procedure for filing a frivolous appeal.  Under rule 45, we may award “just damages”
for a frivolous appeal on the motion of any party or on our own
initiative.  Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). 
We apply an objective test to determine whether an appeal is frivolous
and conduct a full examination of the record and all the proceedings from the
viewpoint of the advocate.  Smith, 51 S.W.3d at 381.  The goal of this inquiry is to determine
whether the advocate had reasonable grounds to believe that the trial court’s
judgment should be reversed.  Id. 
We exercise prudence and caution and deliberate most carefully before
awarding damages under rule 45.  Id. 
We award sanctions in truly egregious circumstances.  Goss v.
Houston Cmty. Newspapers, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  

An appellant’s failure to provide a reporter’s record does
not, standing alone, make his appeal frivolous. 
Sam Houston Hotel, L.P. V.
Mockingbird Rest, Inc., 191 S.W.3d 720, 721 (Tex. App.—Houston [14th Dist.]
2006, no pet.).  Although certain matters
raised by Pantlitz on appeal were waived due to his decision not to obtain a
reporter’s record, not all matters were waived. 
Additionally, from the viewpoint of Pantlitz, we cannot say that he did
not have reasonable grounds to believe that the trial court’s judgment should
be reversed.  

We deny Sikkenga’s motion.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court and overrule Sikkenga’s
request for sanctions.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

 











[1]           See Tex. R. App. P. 45.