NO. 07-11-0216-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2013
_____

SUD FAMILY PARTNERSHIP, LTD, APPELLANT

V.

FRANK GABRIEL, MAX GABRIEL AND DOUBLE G INVESTMENTS, APPELLEES

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A36796-0908; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Sud Family Partnership, LTD (SFPL), appeals from entry of summary judgment in favor of Appellees, Frank Gabriel, Max Gabriel, and Double G Investments (Double G), on SFPL's claims for breach of contract and fraud. In a single issue, SFPL asserts the trial court erred by denying its motion to continue a summary judgment hearing. We affirm.

**BACKGROUND**

In August 2009, SFPL filed its *Original Petition* alleging Double G breached its contract of sale with it by conveying a building contaminated with mold and committed fraud by concealing its presence. On November 8, 2010, Double G filed both a traditional and no evidence motion for summary judgment. By its motions, Double G asserted, among other things, that SFPL could produce no credible evidence that mold was present in the building before it was conveyed. On November 9, the trial court scheduled a hearing on Double G's motions for December 27. Thirty days later, on December 9, 2010, SFPL subpoenaed Carmie Hill, District Manager for the Social Security Administration's office in Plainview, Texas, for a deposition. The following day, Social Security Administration's regional counsel informed SFPL's counsel that, under their administrative regulations, SFPL was required to submit a written application requesting Hill's deposition thirty days in advance of the date of the requested testimony.

On December 14, SFPL filed a *Motion for Continuance* seeking to postpone the summary judgment hearing for sixty days in order for it to apply for and obtain Hill's deposition testimony. SFPL's motion indicated it believed Hill would offer testimony that Double G knew of the presence of mold in the building at the time of sale. SFPL's motion further indicated its response to Double G's motion for summary judgment was due December 20 and Hill's deposition had been scheduled for December 15 before it became aware of the Social Security Administration's regulations requiring at least thirty days prior approval of an application for deposition. The parties agreed to hear the motion for continuance immediately prior to the scheduled summary judgment hearing.

At that hearing, SFPL's counsel indicated he expected Hill's testimony to show that Double G knew "about the possibility of mold being present on the property, but hid that fact." Counsel also indicated that "[i]f the Court denies the motion for continuance there's not any defense that we can mount at this point to [Double G's] motion [for summary judgment], so I guess that it would make the hearing on motion for summary judgment moot at this point . . . ." Double G's counsel indicated the lawsuit had been pending for more than a year and Double G had significant expenses from defending against SFPL's claim. On examination by the trial court, SFPL's counsel indicated representatives of SFPL had spoken with Hill about the presence of mold before suit was filed but didn't realize there would be a delay in obtaining her affidavit or testimony. In addition, since suit had been filed, SFPL's counsel had spoken to Hill several times. At the hearing's conclusion, the trial court indicated SFPL had "over a year to obtain [Hill's] testimony" and denied the motion for continuance.

In February 2011, the trial court issued its *Final Order Granting [Double G's] Traditional and No Evidence Motion for Summary Judgment* indicating SFPL failed to file a response. The trial court's order also awarded Double G its attorney's fees, costs and post-judgment interest. This appeal followed.

## MOTION TO CONTINUE

SFPL contends the trial court abused its discretion by failing to grant its motion to continue the summary judgment hearing for sixty days in order to obtain Hill's testimony. The motion for continuance was filed more than a month after it received notice of a

3

hearing on Double G's motion for summary judgment and more than a year after suit had been filed.

A trial court's order denying a continuance of a summary judgment hearing will not be disturbed except for a clear abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex. 2004). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the individual case. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

The motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows the party requesting the continuance used due diligence to timely obtain the requested discovery. TEX. R. CIV. P. 166a(g), 251, 252. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex.App.—Houston [1st Dist.] 2008, no pet.). *See also Wal-mart Stores Tex., L.P. v. Crosby*, 295 S.W.3d 346, 356 (Tex.App.—Dallas 2009, pet. denied) (motion denied where parties' motion did not set forth evidence sought by further discovery, its materiality, or that the parties had used due diligence to obtain it). Conclusory allegations of diligence are not sufficient; *Landers*, 257 S.W.3d at 747, and, if the motion does not allege facts showing diligence in attempting to procure testimony, the denial of the motion is proper. *See Wal-mart*, 295 S.W.3d at 356; *J.C. Penney Co. v. Duran*, 479 S.W.2d 374, 380-81 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). "A party who fails to diligently use the rules of discovery is not entitled to a continuance."

*Landers*, 257 S.W.3d at 747 (citing *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex. 1988)).

The motion for continuance does not describe any diligent attempt to secure Hill's testimony during the year since the suit was filed even though SFPL was aware, prior to filing, that Hill's testimony might be necessary to establish its claims. Under these circumstances, we are unwilling to find that the trial court abused its discretion by refusing to grant the motion for continuance. *See Landers,* 257 S.W.3d at 747 (no abuse of discretion where neither motion nor affidavit described movant's diligence to secure additional discovery). SFPL's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice
