**AFFIRM; Opinion Filed June 24, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00387-CV**

**IN RE ESTATE OF VIRGINIA BRINKMAN, DECEASED**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR10-2735-I**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Bernard Dolenz appeals from the trial court's dismissal of his application for probate. In two issues, he contends (1) the trial court erred by denying his motion for continuance and (2) that the trial court should not have dismissed the application without first considering "lesser sanctions." We affirm.

### DISCUSSION

### *Motion for Continuance*

Dolenz's first complaint is that the trial court erred by denying his motion for continuance. On August 13, 2010, Dolenz filed an application for probate concerning the estate of Virginia Brinkman, who died on August 13, 2006. The application sought to have a copy of a Louisiana will admitted into probate and for the estate to be administered in Texas. J. Baxter Brinkman, the administrator of the estate of Virginia Brinkman, responded with a plea to contest subject matter jurisdiction and standing, and to dismiss or abate—or in the alterative, a first amended original special exceptions, answer, and affirmative defenses. On November 14, 2011,

Brinkman moved to dismiss the application based on the lack of subject matter jurisdiction, standing, and that the applicable statute of limitations barred the application.

Dolenz's "First Motion for Continuance" was filed on December 8, 2011. The motion was based on the following grounds:

1. Counsel for Baxter Brinkman has his hearing on his Motion to Abate/Dismiss on December 13, 2011.

2. As of December 1, 2011, attorney for Applicant has been unable to locate the whereabouts of his client. Mr. Bernard Dolenz was evicted from his home on or around November 8th, 2011. Mr. Dolenz is currently homeless. Counsel was under the understanding he had arranged for temporary housing with a friend somewhere in Denison, Texas.

3. A potential applicant, Caroline Berthelot, has expressed an interest to intervene in this matter as she is owed and shares the same debt as Mr. Dolenz, both as judgment creditors.

4. Ms. Berthelot's son, Reginald Brinkman III, is also a beneficiary to this estate next to Baxter Brinkman. Her son has been fighting Baxter Brinkman as to who takes from the estate in another civil matter in Dallas County. Within the last week, Ms. Berthelot—through her son—provided a plethora of documents (over 500 pages) from the Louisiana Probate that are still being reviewed. Due to several documents that were reviewed that raised questions regarding the assets to this estate, it may be necessary to conduct discovery on this matter in the Dallas Probate before any hearing to abate/dismiss is heard.

5. It will be necessary for Ms. Berthelot to intervene for the purposes of providing sworn testimony in this matter.

6. Discovery is still ongoing, and the Applicant needs additional time to obtain discovery from Baxter Brinkman.

7. This Motion is sought so that justice may be done, and not for the purposes of delay.

The motion included a verification from Dolenz's trial counsel that swore the facts and matters stated in the motion were within his personal knowledge and were true and correct.

Both the motion for continuance and the motion to dismiss were heard by the trial court on December 13, 2011. During the hearing, the trial court announced it was denying the motion

for continuance and granting the motion to dismiss.  On that same day, the trial court signed an order granting the motion to dismiss and dismissing the above case.

It is well established that granting or denying a motion for continuance is within the trial court's sound discretion.  *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).  "The exercise of such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion."  *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).  In determining whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we have considered the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.  *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).  A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Id.*

A motion for continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought, explains its materiality, and shows the party requesting the continuance used due diligence to timely obtain the requested discovery.  TEX. R. CIV. P. 251, 252; *see Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also Wal-mart Stores Tex., L.P. v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied) (motion denied where parties' motion did not set forth evidence sought by further discovery, its materiality, or that the parties had used due diligence to obtain it).  Conclusory allegations of diligence are insufficient.  *Landers*, 257 S.W.3d at 747.  Moreover, if the motion does not allege facts showing diligence in attempting to procure testimony, the denial of the motion is proper.  *See Wal-mart*, 295 S.W.3d at 356.  "A party who fails to diligently use

the rules of discovery is not entitled to a continuance." *Landers*, 257 S.W.3d at 747 (citing *State v. Wood Oil Distrib.,* 751 S.W.2d at 865).

Applying the relevant factors to this case, beginning with the first factor, the length of time the case had been on file, this case was approximately fifteen months old when Brinkman's motion to dismiss was set for a hearing, and the motion to dismiss was heard nearly six months after Brinkman's original plea to the jurisdiction or alternative answer. As for the second factor, the materiality and purpose of the discovery sought, the motion for continuance does not allege what Dolenz expected to prove through the testimony of Caroline Berthelot or Reginald Brinkman, III. The motion fails to state that the additional testimony or discovery sought is material. Regarding the third factor, the motion does not identify any due diligence used to obtain the testimony or other discovery. In addition, Dolenz's brief provides no citations to the record on appeal to support his suggestion that he advised the trial court of various items he "could have proved" if the continuance had been granted. Dolenz provides only a general citation to the "CR" with no page references, and the citation to the reporter's record he provides in the next sentence likewise fails to offer any support. We have no duty, or even right, to perform an independent review of the record and applicable law to determine whether there was any error. *See Sink v. Sink*, 364 S.W.3d 340, 346 (Tex. App.—Dallas 2012, no pet.); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied). We also note that the two cases cited in the part of Dolenz's brief that discusses this issue do not alter our analysis. These cases simply confirm our standard of review on appeal. *See Verkin v. Southwestern Center One, Ltd.*, 784 S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *Piedmont Fire Ins. Co. v. Dunlop*, 193 S.W.2d 853, 856 (Tex. Civ. App.—Galveston 1946, writ ref'd n.r.e.). Accordingly, we find no abuse of discretion by the trial court in denying Dolenz's motion for continuance. We overrule Dolenz's first issue.

## *Dismissal of Dolenz's Application*

In his second issue, Dolenz contends the dismissal ordered by the trial court constituted some sort of sanction and that the trial court erred by doing so "without attempting lesser sanctions."

Dolenz does not provide any citations to the record to support his argument. Our review of the record finds no evidence of a sanctions request filed by Brinkmann, no evidence of a sua sponte sanctions hearing held by the trial court, and no evidence of the consideration of any sanctions order by the trial court. In fact, the trial court's order dismissing this case was based on Brinkman's pending motion to dismiss. Furthermore, the entire discussion of this issue in Dolenz's brief is limited to a single paragraph, and the only legal citation he provides, *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991), which involved a trial court's decision to strike a party's pleadings and dismiss its action for abuse of the discovery process, is offered without any explanation or analysis of its significance. We again point out that we have no duty, or even right, to perform an independent review of the record and applicable law to determine whether there was any error. *See Sink*, 364 S.W.3d at 346; *Bullock*, 360 S.W.3d at 665. We overrule Dolenz's second issue.

We affirm the trial court's judgment.


120387F.P05


/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF VIRGINIA
BRINKMAN, DECEASED

No. 05-12-00387-CV

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR10-2735-I.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee J. BAXTER BRINKMAN recover his costs of this appeal from appellant BERNARD DOLENZ.

Judgment entered this 24th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE