**Affirmed and Opinion Filed August 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00487-CV
_____

**MICHELE JACKSON, Appellant**

**V.**

**MOTEL 6 AKA MOTEL 6 OPERATING LP, MOTEL 6 GP, AKA G6 HOSPITALITY LLC DBA MOTEL 6, KRUPALAXMI, LP AKA MOTEL 6 OF DALLAS, ACCOR FRANCHISING NORTH AMERICA, LLC AKA G6 HOSPITALITY FRANCHISING, LLC, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-14742**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

In the underlying proceeding, appellant Michele Jackson alleged that she was sexually assaulted by a hotel manager while staying at a Motel 6 in Dallas, Texas, and she sought to hold appellees Motel 6 Operating L.P. ("Motel 6 Operating"), G6 Hospitality LLC ("G6 Hospitality"), Krupalaxmi, L.P. d/b/a Motel 6 of Dallas ("Krupalaxmi"), and Accor Franchising North America, LLC n/k/a G6 Hospitality Franchising LLC ("G6 Franchising") liable for her alleged personal injuries. On appeal, Jackson contends the trial court erred in granting summary judgment for appellees and abused its discretion by denying Jackson leave to file a late response to appellees' no-evidence motions for summary judgment. For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

Jackson maintains that a manager employed by Motel 6 sexually assaulted her at a Motel 6 located at 8510 East R.L. Thornton Freeway in Dallas, Texas, on or about September 25, 2015. Jackson sued Motel 6 Operating and G6 Hospitality in December 2015, alleging that they negligently hired, supervised, trained, or retained the unidentified employee and such negligence proximately caused her injury ("the negligent hiring claim"). Jackson added Krupalaxmi as a defendant in her first amended petition.

On July 8, 2016, Motel 6 Operating and G6 Hospitality filed their traditional motion for summary judgment. They passed the hearing on that motion, however, when Jackson failed to file a timely-response and, instead, filed a motion to continue the hearing, a motion for leave to file a late response to the motion, and a third amended petition. In her third amended petition, Jackson added G6 Franchising as a defendant and also added a "partnership" claim against all defendants in which she alleged they worked as a partnership and, therefore, were vicariously liable for each other's actions.

On September 2, 2016, Motel 6 Operating and G6 Hospitality filed their First Amended Traditional and No Evidence Motion for Summary Judgment. In the traditional motion, they argued that judgment should be rendered in their favor because they owed no legal duty to Jackson as to her negligent hiring claim and they created no partnership with G6 Franchising or Krupalaxmi for the operation of the motel. In the no evidence motion, they asserted there was no evidence on any of the elements of the negligent hiring claim or the partnership claim. As with the first motion for summary judgment, Jackson did not file a timely-response to the first amended motion. Instead, on September 22, 2016, which was the eve of the summary judgment hearing, Jackson moved for leave to file a late response to the motion and moved to continue the summary judgment

hearing. She also filed her fifth amended petition, in which she added a vicarious liability claim based on apparent authority against all defendants.

The trial court granted the First Amended Traditional and No-Evidence Motion for Summary Judgment by written order on September 23, 2016 and rendered a take nothing judgment against Jackson as to her negligent hiring and partnership claims against Motel 6 Operating and G6 Hospitality. On November 30, 2016, the trial court modified the summary judgment order to make it a partial summary judgment order and to clarify that Jackson's apparent authority vicarious liability claim against Motel 6 Operating and G6 Hospitality remained pending.

On March 10, 2017, G6 Franchising and Krupalaxmi filed a no-evidence motion for summary judgment as to all of Jackson's claims against them. The same day, Motel 6 Operating and G6 Hospitality also filed a no-evidence motion for summary judgment motion as to Jackson's remaining apparent authority vicarious liability claim. On March 14, 2017, appellees requested leave of court to have the no-evidence summary judgment motions heard within 30 days of trial. On March 30, 2017, the trial court granted appellees' motion for leave and appellees notified Jackson of the April 28, 2017 summary judgment hearing by e-mail and through an e-filed notice of hearing.

The day before the scheduled hearing, Jackson filed a motion for leave to file a late response to the motions. Contemporaneously, Jackson filed a late response to appellees' no-evidence motions for summary judgment. In support of her motion for leave, Jackson's counsel averred that Jackson encountered computer and transportation problems that hindered her ability to timely provide summary judgment evidence to counsel. Jackson also argued that she was provided only three days to prepare her responses to the motions because she did not receive the deposition transcripts of corporate representatives until April 18, 2017, three days before the April 21, 2017 deadline to respond to the motions.

The trial court signed a "Final Summary Judgment" on May 2, 2017 without explicitly ruling on Jackson's motion for leave to file a late response. The Final Summary Judgment granted appellees' no-evidence motions for summary judgment, and ordered Jackson to take nothing as to her claims against the appellees. The judgment also states that all relief requested by Jackson that is not expressly granted is denied and that the judgment finally disposes of all claims against all defendants and is appealable. Jackson now appeals the May 2, 2017 Final Summary Judgment.

ANALYSIS

On appeal, Jackson presents two issues: (1) the trial court erred in granting summary judgment in favor of appellees because Jackson raised a genuine issue of material fact on the elements of her claims in her late-filed response, and (2) the trial court abused its discretion by denying her leave to file a late response to appellees' no-evidence motions for summary judgment. We address Jackson's issues in reverse order.

**A.      Denial of motion for leave to file late response**

In her second issue, Jackson argues the trial court abused its discretion by denying her motion for leave to file a late response to appellees' no-evidence motions for summary judgment. Appellees argue that Jackson waived this complaint by failing to obtain a ruling on her motion for leave.

To preserve a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion that was sufficiently specific, and the trial court (1) ruled on the request, objection, or motion either expressly or implicitly or (2) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a); *see also Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 99 (Tex. App.—Dallas 2010, pet. denied). In other words, "Rule 33.1(a) requires a timely and ruled-upon

–4–

objection to preserve error." *Seim v. Allstate Tex. Lloyds*, No. 17-0488, 2018 WL 3189568, at *3 (Tex. June 29, 2018) (per curiam).

Here, Jackson filed a motion for leave and a response to appellees' no-evidence motions for summary judgment less than seven days of the scheduled hearing. *See* TEX. R. CIV. P. 166a(c). Appellees objected to Jackson's motion for leave and late-filed response. Although the record contains no order granting or denying Jackson's motion for leave, the Final Summary Judgment specifically stated the trial court "examined the timely pleadings filed in this matter," and determined appellees were entitled to summary judgment on all of Jackson's claims. We will assume without deciding that the order stating expressly that the trial court only considered timely-filed pleadings implicitly denied Jackson's motion for leave to file a late response.[1]

On the merits of Jackson's contention, we review a trial court's ruling on a motion for leave to file a late summary-judgment response for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686–87 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Except on leave of court, a party opposing summary judgment may file a response "not later than seven days prior to the day of hearing." TEX. R. CIV. P. 166a(c). A trial court may permit an act to be done after a period prescribed in other procedural rules upon a showing of "good cause." TEX. R. CIV. P. 5. A motion for leave to file a late summary-judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely file a response (1) was not intentional or the result of conscious indifference, but the result of an accident

---

[1] Summary judgment motions, responses, and evidence are not pleadings, so the statement may not relate to Jackson's motion for leave to late-file her response.

or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d 682 at 687–88.

Appellees filed the no-evidence motions for summary judgment on March 10, 2017. On March 30, 2017, the trial court set the summary judgment hearing for April 28, 2017. Jackson received notice of the hearing date on March 30, 2017 and does not dispute that she received the required twenty-one days' notice of the hearing date. *See* TEX. R. CIV. P. 166a(c). Jackson's response was due April 21, 2017. TEX. R. CIV. P. 166a(c). As she did with the two, prior summary judgment proceedings, Jackson again failed to timely-file a response to the motions and, instead, filed a motion for leave to file a late response with the response the day before the hearing.

Jackson complains that the trial court should have granted leave because Jackson was not given the full amount of time in which to respond. Specifically, Jackson maintains that she was afforded only three days to prepare a response because appellees' corporate representatives could not be deposed until April 10, 2017, she needed the deposition transcripts to reply to the motions, and she did not receive copies of the deposition transcripts. Although her counsel knew of these potential time constraints well in advance of the hearing, Jackson did not seek leave to continue the April 28, 2017 hearing or to file a late response until the day before the hearing.

The rules of civil procedure require only twenty-one days' notice of a summary judgment hearing. Jackson received eight days' more than the required notice and knew that the corporate representatives' depositions could not take place until April 10, 2017. Yet, Jackson failed to timely take any steps to seek a continuance of the hearing or response deadline. Instead, as she had done on two prior occasions, she waited until the eve of the hearing to seek relief from the trial court. Moreover, the record reflects Jackson was aware of the need to provide evidence based on corporate witnesses' testimony well before the April 28, 2017 hearing. As grounds for her August 3, 2016 motion for continuance, Jackson indicated she needed to depose "[corporate]

representatives to ascertain the extent of the partnership relationship among the Defendants and KRUPALXMI,LP," and that the "nature of the partnership goes to the heart of [her] case." Similarly, in Jackson's March 14, 2017 Motion to Continue, she stated depositions of corporate witnesses were necessary to the determination of her apparent authority claim. Importantly, Jackson neither claimed surprise nor objected to the scheduled April 28, 2017 hearing. Under this record, we conclude Jackson did not establish good cause to allow a late response. As such, the trial court did not abuse its discretion by denying Jackson's motion for leave to file a late response.

**B. Grant of summary judgment**

In her first issue, Jackson contends the trial court erred in granting summary judgment in favor of appellees because she raised a genuine issue of material fact on the elements of her claims in her late-filed response. We review a trial court's grant of summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). No-evidence motions are reviewed under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Thus, the non-movant must produce more than a scintilla of evidence to support each challenged element of its claims. *See id.* Under that standard, we view the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.*

Where, as here, a party filed a motion that identifies the elements for which it contends no supporting evidence exists, in a form that is neither conclusory nor a general no-evidence challenge, summary judgment must be rendered absent a timely and legally adequate response by the nonmovant. *See* TEX. R. CIV. P. 166a(i); *B.C. v. Steak N Shake Ops., Inc.*, 532 S.W.3d 547, 549–50 (Tex. App.—Dallas 2017, pet. filed) (op. on remand) (citing *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on

reh'g)). Except on leave of court, a response to a motion for summary judgment, including opposing summary judgment evidence, must be filed no later than the seventh day before the date of the hearing. TEX. R. CIV. P. 166a(c). If the response is late, the record must contain an affirmative indication that the trial court permitted the late filing or the response is a nullity. *Steak N Shake Ops.*, 532 S.W.3d at 550. If the record contains nothing indicating the trial court considered a late-filed response, we presume the trial court did not consider it, and the response will not be considered on appeal. *Id.* (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996)).

Here, appellees' no-evidence motions identified the elements of Jackson's claims and asserted there was no evidence of any of the elements of those claims. Jackson argues she presented sufficient evidence on each element of her claims to defeat the motions and directs us to evidence contained in her response. We have already affirmed the trial court's implicit denial of Jackson's motion for leave to late-file her response, so her responsive evidence is presumed not to have been considered by the trial court. The absence of a timely and legally sufficient response to the no-evidence motions required the trial court to grant summary judgment in favor of appellees. *See* TEX. R. CIV. P. 166a(i); *see also Steak N Shake Operations*, 532 S.W.3d at 549–50; *Landers*, 257 S.W.3d at 746. Accordingly, we conclude the trial court properly granted summary judgment in favor of appellees and overrule Jackson's first issue.

## CONCLUSION

For these reasons, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHELE JACKSON, Appellant

No. 05-17-00487-CV          V.

MOTEL 6 AKA MOTEL 6 OPERATING
LP, MOTEL 6 GP, AKA G6
HOSPITALITY LLC DBA MOTEL 6,
KRUPALAXMI, LP AKA MOTEL 6 OF
DALLAS, ACCOR FRANCHISING
NORTH AMERICA, LLC AKA G6
HOSPITALITY FRANCHISING, LLC,
Appellees

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-14742.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Schenck
participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 17th day of August, 2018.